Appeal No. **24-2766**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

LUDMILA GULKAROV, et al.,

*Plaintiffs - Appellants,*

v.

PLUM, PBC, a Delaware Corporation.

*Defendant - Appellee*

On Appeal from the United States District Court
for the Northern District of California
No. 4:21-cv-00913-YGR
Hon. Yvonne Gonzalez Rogers

**APPELLEE'S OPPOSITION TO APPELLANTS' MOTION
TO CERTIFY ISSUE TO CALIFORNIA SUPREME
COURT**

David T. Biderman
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Phone: +1.415.344.7000
E-mail: DBiderman@perkinscoie.com

Charles C. Sipos
Lauren J. Tsuji
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
E-mail: CSipos@perkinscoie.com
E-mail: LTsuji@perkinscoie.com

*Attorneys for Defendant - Appellee
PLUM, PBC, a Delaware Corporation*

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | ARGUMENT | 2 |
| | A. The Question Proposed Does Not Satisfy California Requirements for Certification. | 2 |
| |     1. There Is Controlling Precedent Under California Law. | 3 |
| |     2. Plaintiffs' Question Will Not Determine the Outcome. | 7 |
| | B. The Ninth Circuit Factors Do Not Favor for Certification. | 10 |
| |     1. There Is No Unresolved Issue for the State Court to Address. | 11 |
| |     2. Comity and Federalism Weigh Against Certification. | 11 |
| |     3. Certification Would Burden the California Supreme Court. | 12 |
| IV. | CONCLUSION | 12 |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bardin v. DaimlerChrysler Corp.*,
  136 Cal. App. 4th 1255 (2006) ....................................................................... 3, 4

*Bills v. U.S. Fid. & Guar. Co.*,
  280 F.3d 1231 (9th Cir. 2002) ............................................................................ 6

*Boyter v. Comm'r*,
  668 F.2d 1382 (4th Cir. 1981) .......................................................................... 11

*Capito v. San Jose Healthcare Sys. LP*,
  No. H049022, 2023 WL 2805481 (Cal. Ct. App. Apr. 6, 2023) ..................... 6, 7

*Collins v. eMachines, Inc.*,
  202 Cal. App. 4th 249 (2011) ....................................................................... 4, 11

*Cuadrado as Tr. of Daniel V. Tierney 2011 Tr. v. Sun Hung Kai Strategic Cap. Ltd.*,
  No. 4:22-cv-01623-YGR, 2023 WL 2775154 (N.D. Cal. Apr. 4, 2023) ............................................................................................................... 9

*Daugherty v. Am. Honda Motor Co.*,
  144 Cal. App. 4th 824 (2006) ................................................................... 3, 4, 11

*Gee v. Tenneco, Inc.*,
  615 F.2d 857 (9th Cir. 1980) ............................................................................ 10

*Hammerling v. Google LLC*,
  615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......................................................... 5, 6

*Hammerling v. Google*,
  No. 22-17024, 2024 WL 937247 (9th Cir. Mar. 5, 2024) ............................... 5, 6

*Hodsdon v. Mars*,
  891 F.3d 857 (9th Cir. 2018) ....................................................................passim

*In re: Intel Corp. CPU Mktg. Sales Pracs. & Prods. Liab. Litig.*,
  No. 22-35652, 2023 WL 7211394 (9th Cir. Nov. 2, 2023) ............................ 4, 5

*In Re Plum Baby Food Litig.*,
  No. 4:21-CV-00913-YGR (N.D. Cal. June 9, 2023) .................................. 7, 8, 9

*Kavehrad v. Vizio, Inc.*,
  No. 8:21-cv-01868-JLS-DFM, 2023 WL 2558535 (C.D. Cal. Jan.
  26, 2023) ........................................................................................................ 9

*Kremen v. Cohen*,
  325 F.3d 1035 (9th Cir. 2003) ..................................................................... 11

*Lehman Bros. v. Schein*,
  416 U.S. 386 (1974) ................................................................................ 2, 10

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ................................................................. passim

*Murray v. BEJ Mins., LLC*,
  924 F.3d 1070 (9th Cir. 2019) ..................................................................... 10

*Nalick v. Seagate Tech. LLC*,
  2021 WL 1135226 (Cal. Ct. App. Mar. 25, 2021) (unpublished) ............ 6, 11

*Pacheco v. United States*,
  21 F.4th 1183 (9th Cir. 2022) ...................................................................... 10

*Rutledge v. Hewlett-Packard Co.*,
  238 Cal. App. 4th 1164 (2015) ................................................................ 4, 11

*Shaeffer v. Califia Farms, LLC*,
  44 Cal. App. 5th 1125 (2020) ........................................................................ 3

*So v. HP, Inc.*,
  No. 22-cv-02327, 2023 WL 4596778 (N.D. Cal. July 17, 2023) ................... 5

*Sud v. Costco Wholesale Corp.*,
  731 F. App'x 719 (9th Cir. 2018) .................................................................. 4

*Syngenta Seeds, Inc. v. County of Kauai*,
  842 F.3d 669 (9th Cir. 2016) ......................................................................... 2

*Ticknor v. Choice Hotels Int'l, Inc.*,
  265 F.3d 931 (9th Cir. 2001) ....................................................................... 10

*Toner ex rel. Toner v. Lederle Lab'ys*,
    779 F.2d 1429 (9th Cir. 1986) ..............................................................................2

*U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-
    Through Certificates, Series 2005-F v. White Horse Ests.
    Homeowners Ass'n*,
    987 F.3d 858 (9th Cir. 2021) ............................................................................10

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ............................................................................4

**RULES**

Cal. R. Ct. 8.548(a) ...................................................................................................2

## I. INTRODUCTION

In cases involving "pure omissions," like this one, it is only under the narrowest of circumstances that California law imposes a duty to disclose: Where the omitted information pertains to an "unreasonable safety hazard," or where it prevents the contested product from functioning. In the district court below, this well-established point of law was applied to Plaintiffs-Appellants' ("Plaintiffs") claims. Plaintiffs' evidence fell well below the proof required, and so judgment was entered against them as a result.

Dissatisfied with that outcome, Plaintiffs filed this Motion to Certify Issue to the California Supreme Court ("Motion") to attempt to create an illusion of legal uncertainty, in order to boost their prospects of success on an otherwise meritless appeal. So, Plaintiffs have asked this Court to certify to the California Supreme Court the standard for proving a duty to disclose for omissions-based claims. But this question has already been resolved by California courts, repeatedly. Indeed, Ninth Circuit precedent recognizes the issue as settled under California law. So, Plaintiffs' Motion is little more than an effort to create some veneer of legitimacy to their appeal where none exists.

Under the California Rules of Court, the California Supreme Court can only answer questions that are (1) unsettled and (2) outcome-determinative. Plaintiffs fail on both fronts. First, and most importantly, the question Plaintiffs seek to have certified has already been answered by state court and related federal precedent, and is not unsettled. Second, the answer to the proposed question will not determine the outcome of this appeal. Under any permutation of the supposed unsettled standard for a duty to disclose, Plaintiffs lose.

Although these points are sufficient to warrant denial of the Motion, all remaining considerations cut against Plaintiffs, as well. Federalism and comity are not served by asking the California Supreme Court to answer a question that is

already answered by state court precedent, and that will make no difference to the outcome of the case. Additionally, granting Plaintiffs' Motion will only further burden the California Supreme Court's substantial docket.

For these reasons, as explained more fully below, Defendant-Appellant Plum, PBC's ("Plum") respectfully requests that this Court deny Plaintiffs' Motion.

## II. BACKGROUND

Plaintiffs allege Plum omitted from their labels a warning regarding the potential presence of trace heavy metals in their baby food products (the "Plum Products"). Subsequently, Plum moved for summary judgment, arguing that under California's settled standard for pure omission claims, Plum had no legal duty to disclose the alleged omitted information. Plaintiffs proffered no evidence to satisfy the standard, and the district court thus granted Plum's Motion for Summary Judgment in full. Following final judgment, Plaintiffs brought this appeal arguing that the district erred in granting summary judgment in Plum's favor.

## III. ARGUMENT

**A. The Question Proposed Does Not Satisfy California Requirements for Certification.**

Under the California Rules of Court, the California Supreme Court may answer a question certified to it by this Court if the answer "could determine the outcome of a matter" and "[t]here is no controlling precedent." Cal. R. Ct. 8.548(a). The purpose of certification is "to obtain authoritative answers to unclear questions of state law." *Toner ex rel. Toner v. Lederle Lab'ys*, 779 F.2d 1429, 1432 (9th Cir. 1986). Certification is unnecessary and should be denied where state law is "rather well-defined." *Syngenta Seeds, Inc. v. County of Kauai*, 842 F.3d 669, 681 (9th Cir. 2016) (citation omitted). Even if there are doubts about the meaning of state law, certification still is not required. *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974).

2

### 1. There Is Controlling Precedent Under California Law.

California law clearly defines the standards that apply in pure omissions cases. The state courts have squarely addressed the issue and, based on this established body of case law, the Ninth Circuit has issued controlling precedent in *Hodsdon v. Mars*, 891 F.3d 857 (9th Cir. 2018).

It is firmly established that an omission may be the basis of a claim under California consumer protections law only if that omission is "contrary to a representation actually made by the defendant, or *an omission of a fact the defendant was obliged to disclose*." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006) (emphasis added); *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1276 (2006) (upholding dismissal of CLRA claim because the complaint alleged no facts showing defendant was "bound to disclose" omission or made contrary statements).

*Daugherty*, the leading case on this issue, is still routinely cited by California (as well as federal courts) for this proposition. *See, e.g.*, *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1136 (2020); *Hodsdon*, 891 F.3d at 861. In *Daugherty*, the plaintiff alleged that the defendant car manufacturer had failed to disclose an engine defect. *Daugherty*, 144 Cal. App. 4th at 827. The California Court of Appeal rejected any disclosure obligation because a claim "based exclusively on fraudulent omissions" is actionable only if there is "a fact the defendant was obliged to disclose." *Id.* at 834–35. In finding no duty to disclose, the *Daugherty* court observed that not all omissions of material facts are "likely to deceive" consumers. *Id.* at 838. There must be a line drawn somewhere and, in California, that line is when "'members of the public . . . have had an expectation or an assumption about' the matter in question." *Id.* at 838.

The *Daugherty* court further explained that in cases with no affirmative misrepresentations, under California law, "[t]he *only* expectation buyers could have

[about a product] was that it would function properly for the length of [the manufacturer's] express warranty." *Id.* (emphasis added). The court also recognized that a manufacturer had a duty to disclose facts concerning a risk of "physical injury or any safety concerns" with its product because it is reasonable for buyers to assume that consumer products will not inflict bodily harm. *Id.* at 836 (citing *Bardin*, 136 Cal. App. 4th at 1261–62).

Post-*Daugherty* case law has further fleshed out the requirements for a duty to disclose, detailing the two paths for plaintiffs relying on pure omissions theories of deception in California. *See Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255–58 (2011) (allowing omissions claim to proceed when omission related to the central function of the product); *Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164, 1172–76 (2015) (same); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141–43 (9th Cir. 2012) (explaining duty to disclose under California law arises with safety issue, citing *Daugherty*).

Based on this body of case law, the Ninth Circuit held in *Hodsdon v. Mars, Inc.*, that a pure omission claim is only viable if there is first a threshold showing of a duty to disclose a fact that falls in one of two narrow categories: (1) the product poses an "unreasonable safety hazard," or (2) the product does not perform its central function.[1] *Id.* at 861–63; *see also Sud v. Costco Wholesale Corp.*, 731 F. App'x 719, 720 (9th Cir. 2018); *In re: Intel Corp. CPU Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 22-35652, 2023 WL 7211394, at *1 (9th Cir. Nov. 2, 2023). Thus, there is no confusion in *this* Court about California law. And if there were any question about the meaning and consistent application of *Hodsdon*, *this* Court—not the California Supreme Court—should address that issue.

---

[1] The *Hodsdon* appeal itself prompted an attempt to certify a similar question to the California Supreme Court under erroneous claims that the issue was unresolved. That request was, unsurprisingly, rejected by this Court.

4

The application of the *LiMandri* factors has been addressed as well. As explained in *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069 (N.D. Cal. 2022), if the *Hodsdon* factors are not satisfied, then there is no need to consider separately whether one of the four *LiMandri* factors is satisfied. *Id.* at 1085–86 (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (collecting cases applying this analysis to omissions claims)). The requirement that a plaintiff must first show that there is a legal duty to disclose a fact—before reaching the *LiMandri* factors—has been repeatedly recognized as correct, most recently by the Ninth Circuit. *See Intel*, 2023 WL 7211394, at *2 ("Because we agree that Plaintiffs' allegations fail to cross *Hodsdon*'s central functionality threshold, Plaintiffs have not established that [defendant] was under a duty to disclose the defects."); *So v. HP, Inc.*, No. 22-cv-02327, 2023 WL 4596778, at *7 (N.D. Cal. July 17, 2023) (*LiMandri* factors not sufficient post-*Hodsdon*).

*Hammerling* was later affirmed by the Ninth Circuit. *Hammerling v. Google*, No. 22-17024, 2024 WL 937247 (9th Cir. Mar. 5, 2024). Notably, plaintiffs-appellants in *Hammerling* made the exact same argument that underpins Plaintiffs' Motion here. The *Hammerling* plaintiff-appellants argued to the Ninth Circuit that *Hodsdon* and *LiMandri* are alternative tests and that both must be satisfied for pure omissions claims. *Compare* Plaintiffs-Appellants Merit's Br. at 12, *Hammerling v. Google*, No. 22-17024 (9th Cir. Apr. 10, 2023), Dkt. No. 6 ("Recent California decisions have clarified that *Hodsdon*'s 'central functionality' test is an alternative to, rather than an additional requirement of, the prevailing standard for pleading a duty to disclose an omitted fact set forth in *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997)."). That is precisely the issue that Plaintiffs present with their Motion. *See* Mot. at 2 ("The district court entered summary judgment on Plaintiffs' CLRA and UCL claims because it found Plum did not have a duty to disclose the Omissions under the standards set in *LiMandri v. Judkins*, **and** *Hodsdon v. Mars*")

5

(citations omitted). Yet, the *Hammerling* decision was affirmed and the district court's *Hodsdon* analysis was left undisturbed. *Hammerling*, 2024 WL 937247, at *2–3. So, Plaintiffs' Motion is not just wrong, it is redundantly wrong.

Moreover, the California Court of Appeal likewise applies *Hodsdon* and *LiMandri* in the same fashion as the Ninth Circuit. *See Nalick v. Seagate Tech. LLC*, 2021 WL 1135226, at *9 (Cal. Ct. App. Mar. 25, 2021) (unpublished) (central function failure and *LiMandri* factor required). Specifically, in *Nalick*, the California Court of Appeal, aligning with *Hodsdon*, acknowledged that a duty to disclose arises under California law where there has been a showing that the omission relates to a "safety hazard" or when the omission relates to the central function. *Id.* at *8–9. Once the *Hodsdon* threshold is satisfied, then, and only then, can the omissions claim can proceed so long as plaintiff "can meet the *LiMandri* test[.]" *Id.* at *10.

As such, the question of what standard applies in an omission-based deception claim under California's consumer protection law has been addressed both by California courts and by the Ninth Circuit interpreting California law. Furthermore, the absence of California Supreme Court precedent does not mean the issue is unresolved because "a federal court is obligated to follow the decisions of the state's intermediate appellate courts where there is no convincing evidence that the state supreme court would decide differently." *Bills v. U.S. Fid. & Guar. Co.*, 280 F.3d 1231, 1234 n.1 (9th Cir. 2002). Plaintiffs do not contend, let alone present convincing evidence, that the California Supreme Court would depart from the decisions of the California Courts of Appeal.

Additionally, the status of whether a duty to disclose applies, under California consumer protection law, is *not* "currently in flux[.]" Mot. at 3. Although not discussed with any specificity, the Attorney General's amicus brief referred to in Plaintiffs' Motion was submitted in *Capito v. San Jose HealthCare System LP*, a readily distinguishable case currently pending before the California Supreme Court.

*Id.* That case—which alleges unfair billing practices by hospital emergency rooms—involves affirmative disclosures regarding potential fees and turns on the interplay between those disclosures and industry-specific regulations that have no bearing whatsoever on the issues in this case, nor on the duty to disclose in pure omissions cases generally. *See Capito v. San Jose Healthcare Sys. LP*, No. H049022, 2023 WL 2805481, at *11 (Cal. Ct. App. Apr. 6, 2023), *review granted* (July 26, 2023).

Thus, there is clear, controlling precedent under California state law, and certification is not appropriate.

### 2. Plaintiffs' Question Will Not Determine the Outcome.

Plaintiffs' claims are barred under California law, regardless of the answer to the proposed question. The question Plaintiffs seek to certify is, in essence, whether *Hodsdon* and/or *LiMandri* sets the proper standard for proving a duty disclose in a pure omissions case. Mot. at 9. However, the record shows that Plaintiffs will be unable to prevail under either standard and thus, the proposed question is not outcome-determinative. In short, under the facts of this case, in all events, Plaintiffs will be unable to show Plum had a duty to disclose the potential presence of trace heavy metals in the Plum Products.

*First*, under *Hodsdon*, to establish a duty to disclose, a plaintiff must first show that the defendant omitted information that constitutes an "unreasonable safety hazard" or that impairs the product's "central function." *Hodsdon*, 891 F.3d at 864. Plaintiffs, who repeatedly disclaimed any safety concern with the Products, are unable to show that the alleged omission relates to a safety hazard, let alone an unreasonable safety hazard. *See* Defendant Plum, PBC's Notice of Motion and Motion for Summary Judgment at 5:13–24, 12:19–28, *In Re Plum Baby Food Litig.*, No. 4:21-CV-00913-YGR (N.D. Cal. June 9, 2023), Dkt. No. 210. Plaintiffs also cannot show that the alleged omission goes to the "central function" of the Plum Products. *Hodsdon*, 891 F.3d at 864. Here, Plaintiffs would have to show that the

food ceased to function as food. *Id.* ("[T]he alleged lack of disclosure about the existence of slave labor in the supply chain is not a physical defect at all, much less one related to the chocolate's function as chocolate.") However, the record unequivocally shows the Plum Products still functioned as food. In fact, Plaintiffs testified that they received healthful nutrition from the Plum Products even with the potential presence of heavy metals, implicitly conceding that the Plum Products performed their central function. *See* Defendant Plum, PBC's Notice of Motion and Motion for Summary Judgment at 13:10–18, *supra*. What's more, Plaintiffs' expert made the same concession explicitly when she testified it would be a "weird thing" to suggest that Plum Products cease to function as food simply because they may contain trace amounts of heavy metals. *See* Order Granting Motion for Summary Judgment at 11:19–21, *In Re Plum Baby Food Litig.*, No. 4:21-CV-00913-YGR (N.D. Cal. Mar. 28, 2024), Dkt. No. 261. Accordingly, as Plaintiffs are unable to show that the alleged omission constitutes an "unreasonable safety hazard" or that it impairs the product's "central function," they cannot establish a duty to disclose under *Hodsdon*.

*Second*, even under *LiMandri*—which is Plaintiffs preferred (but incorrect) standard—Plaintiffs cannot establish a duty to disclose. In their Opposition to Plum's Motion for Summary Judgment, Plaintiffs vehemently argued that the correct standard under California law is laid out in *LiMandri v. Judkins* which states that a duty to disclose exists in the following circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. 52 Cal. App. 4th at

8

336.[2] Plaintiff's Opposition argued that, under *LiMandri*, had a duty to disclose due to (1) active concealment and (2) exclusive knowledge, but neither of these circumstances even remotely apply to the facts of this case and both these theories are completely undermined by the facts.

To start, it is simply untrue that the purportedly omitted information—that the Plum Products were at risk of containing trace heavy metals—was in the *exclusive* knowledge of Plum. Indeed, it's an undisputed fact that the potential presence of trace heavy metals in Plum Products has been publicly communicated by Plum and others for years. *See* Order Granting Motion for Summary Judgment at 9:13–18; 10:1–9, *supra*. There is similarly no dispute that the presence of heavy metals in soil, and therefore in fruits and vegetables grown in soil, may also be present in foods made with those fruits and vegetables has long been in the public record. Likewise, Plaintiffs' active concealment theory cannot survive where the fact allegedly concealed was specifically disclosed. *See Kavehrad v. Vizio, Inc.*, No. 8:21-cv-01868-JLS-DFM, 2023 WL 2558535, at *5–6 (C.D. Cal. Jan. 26, 2023) (rejecting active concealment theory where fact at issue was disclosed on the defendant's website). Moreover, there are no facts that Plaintiffs can rely on in support of their active concealment theory beyond just pointing to the alleged omission. This type of circular argument is not sufficient to support an active concealment claim. *Cuadrado as Tr. of Daniel V. Tierney 2011 Tr. v. Sun Hung Kai Strategic Cap. Ltd.*, No. 4:22-cv-01623-YGR, 2023 WL 2775154, at *4 (N.D. Cal. Apr. 4, 2023) ("As opposed to 'affirmative acts of concealment,' [plaintiff] alleges actions by [defendant] which can be more accurately characterized as failures to disclose, rendering their argument

---

[2] Notably, in their Opposition to Plum's Motion for Summary Judgment, Plaintiffs did not even suggest that the standard under California law for an omission claim is unclear. *See* Plaintiffs' Memorandum in Opposition to Plum, PBC's Motion for Summary Judgment at 15:24–16:2, *In Re Plum Baby Food Litig.*, No. 4:21-CV-00913-YGR (N.D. Cal. Sept. 29, 2023), Dkt. No. 238. Instead, Plaintiffs simply argue that only the *LiMandri* factors apply. *Id.*

circular.") Accordingly, Plaintiffs cannot establish a duty to disclose under the *LiMandri* factors, either.

Because Plaintiffs cannot succeed under either *Hodsdon* or *LiMandri*, answering the question posed by Plaintiffs will not determine the outcome of this case.

**B.     The Ninth Circuit Factors Do Not Favor for Certification.**

The Ninth Circuit "invoke[s] the certification process only after careful consideration and do[es] not do so lightly." *U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 867 (9th Cir. 2021) (internal quotations and citations omitted). As a general matter, "[t]he task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)). If the state's highest appellate court has not decided the question presented, then the federal court must predict how the state's highest court would decide the question. *Id.*

The decision to certify a question to a state supreme court is within the "sound discretion of the federal court." *Pacheco v. United States*, 21 F.4th 1183, 1187 (9th Cir. 2022) (quoting *Lehman Bros.*, 416 U.S. at 391). In deciding whether to exercise its discretion, the Ninth Circuit considers the following factors "(1) whether the question presents important public policy ramifications yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) the spirit of comity and federalism." *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1072 (9th Cir. 2019) (internal quotation marks omitted).

10

### 1. There Is No Unresolved Issue for the State Court to Address.

The first two factors considered by the Ninth Circuit—whether the question presents important public policy ramifications yet unresolved by the state court and whether the issue is new, substantial, and of broad application—both weigh against certification for the same reason: there is no unresolved question for the California Supreme Court to answer. *See* Sect. III(a)(1), *supra*. As explained above, California state court decisions have squarely addressed the scope of a defendant's duty to disclose information about a product under the state's consumer protection statutes. *See Daugherty*, 144 Cal. App. 4th at 827; *Collins*, 202 Cal. App. 4th at 255–58; *Rutledge*, 238 Cal. App. 4th at 1172–76; *Nalick*, 2021 WL 1135226, at *9. Accordingly, the question presents no important public policy ramifications, and the issue is neither new nor substantial. Thus, the first two factors weigh against certification.

### 2. Comity and Federalism Weigh Against Certification.

It would be contrary to the principles of comity and federalism to burden the California Supreme with a question that is already resolved and is not case-dispositive. Principles of comity direct that a federal tribunal "ought not to request [a state court] to answer a question of law unless and until it appears that the answer is dispositive of the federal litigation or is a necessary and inescapable ruling in the course of the litigation." *Boyter v. Comm'r*, 668 F.2d 1382, 1385 (4th Cir. 1981); Indeed, "[w]hen a federal court certifies a case to a state supreme court, it draws from a limited reservoir of comity." *Kremen v. Cohen*, 325 F.3d 1035, 1043–44 (9th Cir. 2003) (Kozinski, J., dissenting).

As explained above, if the issue in this case was presented in a California court, the same outcome would result because *Hodsdon* interpreted and applied California law. *See* Section III(A), *supra*. It is not in the spirit of comity to ask the California Supreme Court to answer a question the state courts have resolved many

11

times in reasoned decisions, and that will make no difference to the outcome of this case. At this point, this Court is equipped with sufficient state court guidance to make an informed decision on the issue presented. Accordingly, the third factor of comity and federalism weighs against certification.

### 3. Certification Would Burden the California Supreme Court.

The final factor, the state court's case load, also weighs against certification. There is no doubt that certification of this question will add to the burgeoning caseload of the California Supreme Court. In their Motion, Plaintiffs concede that the California Supreme Court is already overburdened, but argue that "even with a greater caseload, the California Supreme Court [has] granted requests for certification." Mot. at 12. However, this does not undermine the fact that certification will only increase this existing burden by placing on the docket of the California Supreme Court a question it need not answer. Accordingly, this factor, too, weighs against certification.

## IV. CONCLUSION

For the reasons set forth above, Plum respectfully requests that this Court deny Plaintiffs-Appellants' Motion to Certify Issue to the California Supreme Court.

Dated: June 10, 2024

Respectfully submitted,
**PERKINS COIE LLP**

/s/Charles C. Sipos
  Charles C. Sipos
*Attorneys for Defendant - Appellee*
*PLUM, PBC, a Delaware Corporation*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(a) because this brief contains 3,854 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type.

Dated: June 10, 2024                     */s/Charles C. Sipos*
                                                  Charles C. Sipos