No. 24-2766

# In the
# United States Court of Appeals
# For the Ninth Circuit

————————————

LUDMILA GULKAROV, JANINE TORRENCE, KELLY McKEON, JOSH CRAWFORD, VANESSA MATHIESEN, AUTUMN ELLISON, JESSICA DAVID, SARAH BROWN and TOMMY NURRE,

*Plaintiffs-Appellants*,

v.

PLUM, PBC,

*Defendants-Appellees.*
————————————

*On Appeal from*
United States District Court for the Northern District of California,
Oakland Division
The Honorable Yvonne Gonzalez Rogers, U.S.D.C. Case No. 21-CV-00913-YGR

——————————————————————————————————————————

## ADDENDUM TO APPELLANTS' OPENING BRIEF

——————————————————————————————————————————

**LOCKRIDGE GRINDAL NAUEN PLLP**
Rebecca A. Peterson (Calif. No. 241858)
100 Washington Ave South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
rapeterson@locklaw.com

**LITE DEPALMA GREENBERG, LLC**
Susana Cruz Hodge
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
scruzhodge@litedepalma.com

*Attorneys for Plaintiffs-Appellants*

# ADDENDUM
## Table of Authorities

**Statutes, Rules, and Treatises**

28 U.S.C.A. § 1291 ................................................................................1

2024 Cal. Legis. Serv. Ch. 20 ................................................................2

Cal. Bus. & Prof. Code § 17200 ............................................................8

Cal. Bus. & Prof. Code § 17201 .......................................................... 10

Cal. Bus. & Prof. Code § 17201.5 ....................................................... 11

Cal. Bus. & Prof. Code § 17202 .......................................................... 12

Cal. Bus. & Prof. Code § 17203 .......................................................... 13

Cal. Bus. & Prof. Code § 17204 .......................................................... 15

Cal. Bus. & Prof. Code § 17205 .......................................................... 16

Cal. Bus. & Prof. Code § 17206 .......................................................... 17

Cal. Bus. & Prof. Code § 17206.1 ....................................................... 20

Cal. Bus. & Prof. Code § 17206.2 ....................................................... 22

Cal. Bus. & Prof. Code § 17207 .......................................................... 23

Cal. Bus. & Prof. Code § 17208 .......................................................... 25

Cal. Bus. & Prof. Code § 17209 .......................................................... 26

Cal. Bus. & Prof. Code § 17210 .......................................................... 28

Cal. Bus. & Prof. Code § 17500 .......................................................... 30

Cal. Bus. & Prof. Code § 17500.1 ....................................................... 32

Cal. Bus. & Prof. Code § 17500.3 ....................................................... 33

Cal. Bus. & Prof. Code § 17500.5 ........................................................... 35

Cal. Bus. & Prof. Code § 17501 ............................................................. 36

Cal. Bus. & Prof. Code § 17502 ............................................................. 37

Cal. Bus. & Prof. Code § 17504 ............................................................. 38

Cal. Bus. & Prof. Code § 17505 ............................................................. 39

Cal. Bus. & Prof. Code § 17505.2 ........................................................... 40

Cal. Bus. & Prof. Code § 17506 ............................................................. 42

Cal. Bus. & Prof. Code § 17506.5 ........................................................... 43

Cal. Bus. & Prof. Code § 17507 ............................................................. 44

Cal. Bus. & Prof. Code § 17508 ............................................................. 45

Cal. Bus. & Prof. Code § 17509 ............................................................. 47

Cal. Civ. Code § 1709 .......................................................................... 49

Cal. Civ. Code § 1710 .......................................................................... 50

Cal. Civ. Code § 1750 .......................................................................... 51

Cal. Civ. Code § 1751 .......................................................................... 52

Cal. Civ. Code § 1752 .......................................................................... 53

Cal. Civ. Code § 1753 .......................................................................... 54

Cal. Civ. Code § 1754 .......................................................................... 55

Cal. Civ. Code § 1755 .......................................................................... 56

Cal. Civ. Code § 1756 .......................................................................... 57

Cal. Civ. Code § 1760 .......................................................................... 58

Cal. Civ. Code § 1761 ................................................................... 59

Cal. Civ. Code § 1770 ................................................................... 61

Cal. Civ. Code § 1780 ................................................................... 69

Cal. Civ. Code § 1781 ................................................................... 72

Cal. Civ. Code § 1782 ................................................................... 75

Cal. Civ. Code § 1783 ................................................................... 77

Cal. Civ. Code 1784 ................................................................... 78

§ 1291. Final decisions of district courts, 28 USCA § 1291

KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 83. Courts of Appeals (Refs & Annos)

28 U.S.C.A. § 1291

§ 1291. Final decisions of district courts

Currentness

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

**CREDIT(S)**

(June 25, 1948, c. 646, 62 Stat. 929; Oct. 31, 1951, c. 655, § 48, 65 Stat. 726; Pub.L. 85-508, § 12(e), July 7, 1958, 72 Stat. 348; Pub.L. 97-164, Title I, § 124, Apr. 2, 1982, 96 Stat. 36.)

Notes of Decisions (3640)

28 U.S.C.A. § 1291, 28 USCA § 1291
Current through P.L. 118-78. Some statute sections may be more current, see credits for details.

End of Document                                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

CA LEGIS 20 (2024), 2024 Cal. Legis. Serv. Ch. 20 (S.B. 1096) (WEST)

2024 Cal. Legis. Serv. Ch. 20 (S.B. 1096) (WEST)

CALIFORNIA 2024 LEGISLATIVE SERVICE

2024 Portion of 2023-2024 Regular Session

Additions are indicated by **Text**; deletions by

\* \* \* .

Vetoes are indicated by ~~Text~~ ;
stricken material by ~~**Text**~~ .

CHAPTER 20

S.B. No. 1096

AN ACT to amend Section 1770 of the Civil Code, relating to unfair business practices.

[Filed with Secretary of State June 14, 2024.]

**LEGISLATIVE COUNSEL'S DIGEST**

SB 1096, Seyarto. Mailed solicitations: disclosure statement.

The Consumers Legal Remedies Act makes unlawful certain unfair methods of competition and certain unfair or deceptive acts or practices undertaken by a person in a transaction intended to result or that results in the sale or lease of goods or services to a consumer, including failing to include in a solicitation by a covered person, as defined, or an entity acting on behalf of a covered person, to a consumer for a consumer financial product or service a certain disclosure statement.

This bill would additionally require that disclosure statement to appear in at least 16–point bold type on the front of an envelope that contains a solicitation described above.

The people of the State of California do enact as follows:

SECTION 1. Section 1770 of the Civil Code, as added by Section 3 of Chapter 400 of the Statutes of 2023, is amended to read:

<< CA CIVIL § 1770 >>

1770. (a) The unfair methods of competition and unfair or deceptive acts or practices listed in this subdivision undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful:

(1) Passing off goods or services as those of another.

(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(3) Misrepresenting the affiliation, connection, or association with, or certification by, another.

(4) Using deceptive representations or designations of geographic origin in connection with goods or services.

**CA LEGIS 20 (2024), 2024 Cal. Legis. Serv. Ch. 20 (S.B. 1096) (WEST)**

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.

(6) Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand.

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(8) Disparaging the goods, services, or business of another by false or misleading representation of fact.

(9) Advertising goods or services with intent not to sell them as advertised.

(10) Advertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity.

(11) Advertising furniture without clearly indicating that it is unassembled if that is the case.

(12) Advertising the price of unassembled furniture without clearly indicating the assembled price of that furniture if the same furniture is available assembled from the seller.

(13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions.

(14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

(15) Representing that a part, replacement, or repair service is needed when it is not.

(16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

(17) Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

(18) Misrepresenting the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction with a consumer.

(19) Inserting an unconscionable provision in the contract.

(20) Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product. This subdivision shall not apply to in-store advertising by businesses that are open only to members or cooperative organizations organized pursuant to Division 3 (commencing with Section 12000) of Title 1 of the Corporations Code if more than 50 percent of purchases are made at the specific price set forth in the advertisement.

(21) Selling or leasing goods in violation of Chapter 4 (commencing with Section 1797.8) of Title 1.7.

3

**CA LEGIS 20 (2024), 2024 Cal. Legis. Serv. Ch. 20 (S.B. 1096) (WEST)**

(22)(A) Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

(B) This subdivision does not apply to a message disseminated to a business associate, customer, or other person having an established relationship with the person or organization making the call, to a call for the purpose of collecting an existing obligation, or to any call generated at the request of the recipient.

(23)(A) The home solicitation, as defined in subdivision (h) of Section 1761, of a consumer who is a senior citizen where a loan or assessment is made encumbering the primary residence of that consumer for purposes of paying for home improvements and where the transaction is part of a pattern or practice in violation any of the following:

(i) Subsection (h) or (i) of Section 1639 of Title 15 of the United States Code.

(ii) Paragraph (1), (2), or (4) of subdivision (a) of Section 226.34 of Title 12 of the Code of Federal Regulations.

(iii) Section 22684, 22685, 22686, or 22687 of the Financial Code.

(iv) Section 5898.16, 5898.17, 5913, 5922, 5923, 5924, 5925, 5926, or 5940 of the Streets and Highways Code.

(B) A third party shall not be liable under this subdivision unless (i) there was an agency relationship between the party who engaged in home solicitation and the third party, or (ii) the third party had actual knowledge of, or participated in, the unfair or deceptive transaction. A third party who is a holder in due course under a home solicitation transaction shall not be liable under this subdivision.

(24)(A) Charging or receiving an unreasonable fee to prepare, aid, or advise any prospective applicant, applicant, or recipient in the procurement, maintenance, or securing of public social services.

(B) For purposes of this paragraph:

(i) "Public social services" means those activities and functions of state and local government administered or supervised by the State Department of Health Care Services, the State Department of Public Health, or the State Department of Social Services, and involved in providing aid or services, or both, including health care services, and medical assistance, to those persons who, because of their economic circumstances or social condition, are in need of that aid or those services and may benefit from them.

(ii) "Public social services" also includes activities and functions administered or supervised by the United States Department of Veterans Affairs or the California Department of Veterans Affairs involved in providing aid or services, or both, to veterans, including pension benefits.

(iii) "Unreasonable fee" means a fee that is exorbitant and disproportionate to the services performed. Factors to be considered, if appropriate, in determining the reasonableness of a fee, are based on the circumstances existing at the time of the service and shall include, but not be limited to, all of the following:

(I) The time and effort required.

(II) The novelty and difficulty of the services.

(III) The skill required to perform the services.

CA LEGIS 20 (2024), 2024 Cal. Legis. Serv. Ch. 20 (S.B. 1096) (WEST)

(IV) The nature and length of the professional relationship.

(V) The experience, reputation, and ability of the person providing the services.

(C) This paragraph shall not apply to attorneys licensed to practice law in California, who are subject to the California Rules of Professional Conduct and to the mandatory fee arbitration provisions of Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code, when the fees charged or received are for providing representation in administrative agency appeal proceedings or court proceedings for purposes of procuring, maintaining, or securing public social services on behalf of a person or group of persons.

(25)(A) Advertising or promoting any event, presentation, seminar, workshop, or other public gathering regarding veterans' benefits or entitlements that does not include the following statement in the same type size and font as the term "veteran" or any variation of that term:

(i) "I am not authorized to file an initial application for Veterans' Aid and Attendance benefits on your behalf, or to represent you before the Board of Veterans' Appeals within the United States Department of Veterans Affairs in any proceeding on any matter, including an application for those benefits. It would be illegal for me to accept a fee for preparing that application on your behalf." The requirements of this clause do not apply to a person licensed to act as an agent or attorney in proceedings before the Agency of Original Jurisdiction and the Board of Veterans' Appeals within the United States Department of Veterans Affairs when that person is offering those services at the advertised event.

(ii) The statement in clause (i) shall also be disseminated, both orally and in writing, at the beginning of any event, presentation, seminar, workshop, or public gathering regarding veterans' benefits or entitlements.

(B) Advertising or promoting any event, presentation, seminar, workshop, or other public gathering regarding veterans' benefits or entitlements that is not sponsored by, or affiliated with, the United States Department of Veterans Affairs, the California Department of Veterans Affairs, or any other congressionally chartered or recognized organization of honorably discharged members of the Armed Forces of the United States, or any of their auxiliaries that does not include the following statement, in the same type size and font as the term "veteran" or the variation of that term:

"This event is not sponsored by, or affiliated with, the United States Department of Veterans Affairs, the California Department of Veterans Affairs, or any other congressionally chartered or recognized organization of honorably discharged members of the Armed Forces of the United States, or any of their auxiliaries. None of the insurance products promoted at this sales event are endorsed by those organizations, all of which offer free advice to veterans about how to qualify and apply for benefits."

(i) The statement in this subparagraph shall be disseminated, both orally and in writing, at the beginning of any event, presentation, seminar, workshop, or public gathering regarding veterans' benefits or entitlements.

(ii) The requirements of this subparagraph shall not apply in a case where the United States Department of Veterans Affairs, the California Department of Veterans Affairs, or other congressionally chartered or recognized organization of honorably discharged members of the Armed Forces of the United States, or any of their auxiliaries have granted written permission to the advertiser or promoter for the use of its name, symbol, or insignia to advertise or promote the event, presentation, seminar, workshop, or other public gathering.

(26) Advertising, offering for sale, or selling a financial product that is illegal under state or federal law, including any cash payment for the assignment to a third party of the consumer's right to receive future pension or veteran's benefits.

(27) Representing that a product is made in California by using a Made in California label created pursuant to Section 12098.10 of the Government Code, unless the product complies with Section 12098.10 of the Government Code.

CA LEGIS 20 (2024), 2024 Cal. Legis. Serv. Ch. 20 (S.B. 1096) (WEST)

(28)(A) Failing to include either of the following in a solicitation by a covered person, or an entity acting on behalf of a covered person, to a consumer for a consumer financial product or service:

(i) The name of the covered person, and, if applicable, the entity acting on behalf of the covered person, and relevant contact information, including a mailing address and telephone number.

(ii)**(I)** The following disclosure statement in at least 18–point bold type and in the language in which **a** solicitation **described by this paragraph** is drafted: "THIS IS AN ADVERTISEMENT. YOU ARE NOT REQUIRED TO MAKE ANY PAYMENT OR TAKE ANY OTHER ACTION IN RESPONSE TO THIS OFFER."

**(II)(ia) The disclosure statement described in subclause (I) shall appear in at least 16–point bold type on the front of an envelope that contains a solicitation described by this paragraph.**

**(ib) This subclause applies only to solicitations made by physical mail.**

(B) For purposes of this paragraph:

(i) "Consumer financial product or service" has the same meaning as defined in Section 90005 of the Financial Code.

(ii)(I) "Covered person" has the same meaning as defined in Section 90005 of the Financial Code.

(II) "Covered person" does not mean an entity exempt from Division 24 (commencing with Section 90000) of the Financial Code pursuant to Section 90002 of the Financial Code.

(iii) "Solicitation" means an advertisement or marketing communication through writing or graphics that is directed to, or likely to give the impression of being directed to, an individually identified person, residence, or business location. "Solicitation" does not include any of the following:

(I) Communication through a mass advertisement, including in a catalog, on a radio or television broadcast, or on a publicly accessible internet website, if that communication is not directed to, or is not likely to give the impression of being directed to, an individually identified person, residence, or business location.

(II) Communication via a telephone, mail, or electronic communication that was initiated by a consumer.

(III) A written credit or insurance solicitation that is subject to the disclosure requirements of subsection (d) of Section 1681m of Title 15 of the United States Code.

(29)(A) Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than either of the following:

(i) Taxes or fees imposed by a government on the transaction.

(ii) Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer.

(B) Compliance by a person providing broadband internet access service on its own or as part of a bundle, as defined in Section 8.1(b) of Title 47 of the Code of Federal Regulations, with the broadband consumer label requirements adopted by the Federal Communications Commission in FCC 22–86 on November 14, 2022, codified in Section 8.1(a) of Title 47 of the Code of Federal Regulations, shall be deemed compliance with this paragraph.

**CA LEGIS 20 (2024), 2024 Cal. Legis. Serv. Ch. 20 (S.B. 1096) (WEST)**

(C)(i) For purposes of this subparagraph, "financial entity" means an entity that is exempt from Division 24 (commencing with Section 90000) of the Financial Code pursuant to Section 90002 of the Financial Code.

(ii) A financial entity that is required to provide disclosures in compliance with any of the following federal or state acts or regulations with respect to a financial transaction is exempt from this paragraph for purposes of that financial transaction:

(I) The federal Truth in Savings Act, as amended (12 U.S.C. Sec. 4301 et seq.).

(II) The federal Electronic Fund Transfer Act, as amended (15 U.S.C. Sec. 1693 et seq.).

(III) Section 19 of the Federal Reserve Act, as amended (12 U.S.C. Sec. 461 et seq.).

(IV) The federal Truth in Lending Act, as amended (15 U.S.C. Sec. 1601 et seq.).

(V) The federal Real Estate Settlement Procedures Act, as amended (12 U.S.C. Sec. 2601 et seq.).

(VI) The federal Home Ownership and Equity Protection Act (15 U.S.C. Sec. 1639).

(VII) Any regulation adopted pursuant to any of the federal acts in subclauses (I) to (VI), inclusive.

(VIII) The California Financing Law (Division 9 (commencing with Section 22000) of the Financial Code).

(IX) The California Residential Mortgage Lending Act (Division 20 (commencing with Section 50000) of the Financial Code).

(X) The Real Estate Law (Part 1 (commencing with Section 10000) of Division 4 of the Business and Professions Code).

(XI) Any regulation adopted pursuant to any of the state acts in subclauses (VIII) to (X), inclusive.

(b)(1) It is an unfair or deceptive act or practice for a mortgage broker or lender, directly or indirectly, to use a home improvement contractor to negotiate the terms of any loan that is secured, whether in whole or in part, by the residence of the borrower and that is used to finance a home improvement contract or any portion of a home improvement contract. For purposes of this subdivision, "mortgage broker or lender" includes a finance lender licensed pursuant to the California Financing Law (Division 9 (commencing with Section 22000) of the Financial Code), a residential mortgage lender licensed pursuant to the California Residential Mortgage Lending Act (Division 20 (commencing with Section 50000) of the Financial Code), or a real estate broker licensed under the Real Estate Law (Division 4 (commencing with Section 10000) of the Business and Professions Code).

(2) This section shall not be construed to either authorize or prohibit a home improvement contractor from referring a consumer to a mortgage broker or lender by this subdivision. However, a home improvement contractor may refer a consumer to a mortgage lender or broker if that referral does not violate Section 7157 of the Business and Professions Code or any other law. A mortgage lender or broker may purchase an executed home improvement contract if that purchase does not violate Section 7157 of the Business and Professions Code or any other law. Nothing in this paragraph shall have any effect on the application of Chapter 1 (commencing with Section 1801) of Title 2 to a home improvement transaction or the financing of a home improvement transaction.

\* \* \*

**WESTLAW**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.                      6

§ 17200. Unfair competition; prohibited activities, CA BUS & PROF § 17200

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Limited on Preemption Grounds by  Cohen v. ConAgra Brands, Inc.,  9th Cir.(Cal.),  Oct. 26, 2021

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 2. Preservation and Regulation of Competition (Refs & Annos)
                Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17200

§ 17200. Unfair competition; prohibited activities

Currentness

As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

**Credits**

(Added by Stats.1977, c. 299, p. 1202, § 1. Amended by Stats.1992, c. 430 (S.B.1586), § 2.)

**Editors' Notes**

### VALIDITY

This section is recognized as preempted by federal law, as to furnishers of information to credit reporting agencies, in *Howard v. Blue Ridge Bank, N.D.Cal.2005, 371 F.Supp.2d 1139*.

This statute was held preempted, as to claims involving interstate sales of wholesale electricity, by the Federal Power Act, under which the Federal Energy Regulatory Commission was granted exclusive jurisdiction over interstate sales of wholesale electricity, in the decision of *In re Enron Corp., 2005, 328 B.R. 75*.

This section was held preempted by the Home Owners' Loan Act (HOLA), in the case of *Silvas v. E\*Trade Mortg. Corp., S.D.Cal.2006, 421 F.Supp.2d 1315, affirmed 514 F.3d 1001.*

This section was held preempted by the Fair Credit Reporting Act (FCRA) with respect to alleged injuries arising from the reporting of credit information to a credit reporting agency in the decision of *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan, E.D.Cal.2008, 536 F.Supp.2d 1207*.

This section was held preempted by the Federal Communications Act of 1934 with respect to rates and market entry of commercial mobile service providers in the decision of *In re Apple iPhone 3G Products Liability Litigation, N.D.Cal.2010, 728 F.Supp.2d 1065, leave to file for reconsideration denied 2010 WL 3119789*.

Notes of Decisions (7253)

**§ 17200. Unfair competition; prohibited activities, CA BUS & PROF § 17200**

West's Ann. Cal. Bus. & Prof. Code § 17200, CA BUS & PROF § 17200

Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.    2

9

§ 17201. Person, CA BUS & PROF § 17201

---

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
       Division 7. General Business Regulations (Refs & Annos)
         Part 2. Preservation and Regulation of Competition (Refs & Annos)
           Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17201

§ 17201. Person

Currentness

As used in this chapter, the term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

**Credits**
(Added by Stats.1977, c. 299, p. 1202, § 1.)

Notes of Decisions (23)

West's Ann. Cal. Bus. & Prof. Code § 17201, CA BUS & PROF § 17201
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17201.5. Board within the Department of Consumer..., CA BUS & PROF §...

---

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 2. Preservation and Regulation of Competition (Refs & Annos)
                Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17201.5

§ 17201.5. Board within the Department of Consumer Affairs; local consumer affairs agency

Currentness

As used in this chapter:

(a) "Board within the Department of Consumer Affairs" includes any commission, bureau, division, or other similarly constituted agency within the Department of Consumer Affairs.

(b) "Local consumer affairs agency" means and includes any city or county body which primarily provides consumer protection services.

**Credits**
(Added by Stats.1979, c. 897, p. 3101, § 1.)

West's Ann. Cal. Bus. & Prof. Code § 17201.5, CA BUS & PROF § 17201.5
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

§ 17202. Authority to grant specific or preventive relief, CA BUS & PROF § 17202

---

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 2. Preservation and Regulation of Competition (Refs & Annos)
                Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17202

§ 17202. Authority to grant specific or preventive relief

Currentness

Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition.

**Credits**

(Added by Stats.1977, c. 299, p. 1202, § 1.)

Notes of Decisions (12)

West's Ann. Cal. Bus. & Prof. Code § 17202, CA BUS & PROF § 17202
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

End of Document          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17203. Injunctive Relief--Court Orders [FN 1], CA BUS & PROF § 17203

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Limited on Preemption Grounds by  Cohen v. ConAgra Brands, Inc.,   9th Cir.(Cal.),   Oct. 26, 2021

> West's Annotated California Codes
>> Business and Professions Code (Refs & Annos)
>>> Division 7. General Business Regulations (Refs & Annos)
>>>> Part 2. Preservation and Regulation of Competition (Refs & Annos)
>>>>> Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17203

§ 17203. Injunctive Relief--Court Orders [1]

Effective: November 3, 2004

Currentness

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

**Credits**

(Added by Stats.1977, c. 299, p. 1202, § 1. Amended by Stats.1992, c. 430 (S.B.1586), § 3; Initiative Measure (Prop. 64, § 2, approved Nov. 2, 2004, eff. Nov. 3, 2004).)

**Editors' Notes**

**VALIDITY**

*This section was held preempted by Office of Thrift Supervision regulations in the decision of Guadagno v. E\*Trade Bank, C.D.Cal.2008, 592 F.Supp.2d 1263.*

Notes of Decisions (494)

**Footnotes**

1    Section caption supplied by Prop. 64.

13

**§ 17203. Injunctive Relief--Court Orders [FN 1], CA BUS & PROF § 17203**

West's Ann. Cal. Bus. & Prof. Code § 17203, CA BUS & PROF § 17203

Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**                                          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

West's Annotated California Codes
   Business and Professions Code (Refs & Annos)
     Division 7. General Business Regulations (Refs & Annos)
      Part 2. Preservation and Regulation of Competition (Refs & Annos)
       Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17204

§ 17204. Actions for Injunctions by Attorney General, District Attorney, County Counsel, and City Attorneys [1]

Effective: January 1, 2022

Currentness

Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or a district attorney or by a county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or by a city attorney of a city having a population in excess of 750,000, or by a county counsel of any county within which a city has a population in excess of 750,000, or by a city attorney in a city and county or, with the consent of the district attorney, by a city prosecutor in a city having a full-time city prosecutor in the name of the people of the State of California upon their own complaint or upon the complaint of a board, officer, person, corporation, or association, or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.

**Credits**
(Added by Stats.1977, c. 299, p. 1202, § 1. Amended by Stats.1991, c. 1195 (S.B.709), § 1; Stats.1991, c. 1196 (A.B.1755), § 1; Stats.1992, c. 385 (S.B.1911), § 1; Stats.1993, c. 926 (A.B.2205), § 2; Initiative Measure (Prop. 64, § 3, approved Nov. 2, 2004), eff. Nov. 3, 2004); Stats.2007, c. 17 (S.B.376), § 1; Stats.2008, c. 179 (S.B.1498), § 23; Stats.2021, c. 140 (S.B.461), § 1, eff. Jan. 1, 2022.)

Notes of Decisions (720)

**Footnotes**

[1]     Section caption supplied by Stats.2021, c. 140 (S.B.461).

West's Ann. Cal. Bus. & Prof. Code § 17204, CA BUS & PROF § 17204
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

> West's Annotated California Codes
>   Business and Professions Code (Refs & Annos)
>     Division 7. General Business Regulations (Refs & Annos)
>       Part 2. Preservation and Regulation of Competition (Refs & Annos)
>         Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17205

§ 17205. Cumulative remedies

Currentness

Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

**Credits**
(Added by Stats.1977, c. 299, p. 1202, § 1.)

Notes of Decisions (44)

West's Ann. Cal. Bus. & Prof. Code § 17205, CA BUS & PROF § 17205
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

**End of Document**                                         © 2024 Thomson Reuters. No claim to original U.S. Government Works.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.                1

§ 17206. Civil Penalty for Violation of Chapter [FN 1], CA BUS & PROF § 17206

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 2. Preservation and Regulation of Competition (Refs & Annos)
                Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17206

§ 17206. Civil Penalty for Violation of Chapter [1]

Effective: January 1, 2022

Currentness

(a) Any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General, by any district attorney, by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, by any city attorney of a city having a population in excess of 750,000, or by a county counsel of any county within which a city has a population in excess of 750,000, by any city attorney of any city and county, or, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor, in any court of competent jurisdiction.

(b) The court shall impose a civil penalty for each violation of this chapter. In assessing the amount of the civil penalty, the court shall consider any one or more of the relevant circumstances presented by any of the parties to the case, including, but not limited to, the following: the nature and seriousness of the misconduct, the number of violations, the persistence of the misconduct, the length of time over which the misconduct occurred, the willfulness of the defendant's misconduct, and the defendant's assets, liabilities, and net worth.

(c)(1) If the action is brought by the Attorney General, one-half of the penalty collected shall be paid to the treasurer of the county in which the judgment was entered, and one-half to the General Fund.

(2) If the action is brought by a district attorney or county counsel, the penalty collected shall be paid to the treasurer of the county in which the judgment was entered.

(3)(A) Except as provided in subparagraph (B) and subdivision (e), if the action is brought by a city attorney or city prosecutor, one-half of the penalty collected shall be paid to the treasurer of the city in which the judgment was entered, and one-half to the treasurer of the county in which the judgment was entered.

(B) If the action is brought by the City Attorney of San Diego, the penalty collected shall be paid to the treasurer of the City of San Diego.

(4) The aforementioned funds shall be for the exclusive use by the Attorney General, the district attorney, the county counsel, and the city attorney for the enforcement of consumer protection laws.

§ 17206. Civil Penalty for Violation of Chapter [FN 1], CA BUS & PROF § 17206

(d) The Unfair Competition Law Fund is hereby created as a special account within the General Fund in the State Treasury. The portion of penalties that is payable to the General Fund or to the Treasurer recovered by the Attorney General from an action or settlement of a claim made by the Attorney General pursuant to this chapter or Chapter 1 (commencing with Section 17500) of Part 3 shall be deposited into this fund. Moneys in this fund, upon appropriation by the Legislature, shall be used by the Attorney General to support investigations and prosecutions of California's consumer protection laws, including implementation of judgments obtained from such prosecutions or investigations and other activities which are in furtherance of this chapter or Chapter 1 (commencing with Section 17500) of Part 3. Notwithstanding Section 13340 of the Government Code, any civil penalties deposited in the fund pursuant to the National Mortgage Settlement, as provided in Section 12531 of the Government Code, are continuously appropriated to the Department of Justice for the purpose of offsetting General Fund costs incurred by the Department of Justice.

(e) If the action is brought at the request of a board within the Department of Consumer Affairs or a local consumer affairs agency, the court shall determine the reasonable expenses incurred by the board or local agency in the investigation and prosecution of the action.

Before any penalty collected is paid out pursuant to subdivision (c), the amount of any reasonable expenses incurred by the board shall be paid to the Treasurer for deposit in the special fund of the board described in Section 205. If the board has no such special fund, the moneys shall be paid to the Treasurer. The amount of any reasonable expenses incurred by a local consumer affairs agency shall be paid to the general fund of the municipality or county that funds the local agency.

(f) If the action is brought by a city attorney of a city and county, the entire amount of the penalty collected shall be paid to the treasurer of the city and county in which the judgment was entered for the exclusive use by the city attorney for the enforcement of consumer protection laws. However, if the action is brought by a city attorney of a city and county for the purposes of civil enforcement pursuant to Section 17980 of the Health and Safety Code or Article 3 (commencing with Section 11570) of Chapter 10 of Division 10 of the Health and Safety Code, either the penalty collected shall be paid entirely to the treasurer of the city and county in which the judgment was entered or, upon the request of the city attorney, the court may order that up to one-half of the penalty, under court supervision and approval, be paid for the purpose of restoring, maintaining, or enhancing the premises that were the subject of the action, and that the balance of the penalty be paid to the treasurer of the city and county.

**Credits**

(Added by Stats.1977, c. 299, p. 1202, § 1. Amended by Stats.1979, c. 897, p. 3101, § 2; Stats.1991, c. 1195 (S.B.709), § 2; Stats.1991, c. 1196 (A.B.1755), § 2; Stats.1992, c. 430 (S.B.1586), § 4; Stats.1997, c. 17 (S.B.947), § 11; Initiative Measure (Prop. 64, § 4, approved Nov. 2, 2004), eff. Nov. 3, 2004); Stats.2005, c. 74 (A.B.139), § 23, eff. July 19, 2005; Stats.2007, c. 17 (S.B.376), § 2; Stats.2012, c. 32 (S.B.1006), § 1, eff. June 27, 2012; Stats.2020, c. 75 (A.B.3020), § 1, eff. Jan. 1, 2021; Stats.2021, c. 140 (S.B.461), § 2, eff. Jan. 1, 2022.)

Notes of Decisions (98)

**Footnotes**

1    Section caption supplied by Stats.2021, c. 140 (S.B.461).

**§ 17206. Civil Penalty for Violation of Chapter [FN 1], CA BUS & PROF § 17206**

West's Ann. Cal. Bus. & Prof. Code § 17206, CA BUS & PROF § 17206

Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**
© 2024 Thomson Reuters. No claim to original U.S. Government Works.

West's Annotated California Codes
 Business and Professions Code (Refs & Annos)
  Division 7. General Business Regulations (Refs & Annos)
   Part 2. Preservation and Regulation of Competition (Refs & Annos)
    Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17206.1

§ 17206.1. Additional penalties for violations against senior citizens or disabled persons; definitions; factors to be considered; priority of restitution

Effective: January 1, 2013
Currentness

(a)(1) In addition to any liability for a civil penalty pursuant to Section 17206, a person who violates this chapter, and the act or acts of unfair competition are perpetrated against one or more senior citizens or disabled persons, may be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which may be assessed and recovered in a civil action as prescribed in Section 17206.

(2) Subject to subdivision (d), any civil penalty shall be paid as prescribed by subdivisions (b) and (c) of Section 17206.

(b) As used in this section, the following terms have the following meanings:

(1) "Senior citizen" means a person who is 65 years of age or older.

(2) "Disabled person" means a person who has a physical or mental impairment that substantially limits one or more major life activities.

(A) As used in this subdivision, "physical or mental impairment" means any of the following:

(i) A physiological disorder or condition, cosmetic disfigurement, or anatomical loss substantially affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin; or endocrine.

(ii) A mental or psychological disorder, including intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

"Physical or mental impairment" includes, but is not limited to, diseases and conditions including orthopedic, visual, speech, and hearing impairment, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, intellectual disability, and emotional illness.

§ 17206.1. Additional penalties for violations against senior..., CA BUS & PROF §...

(B) "Major life activities" means functions that include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

(c) In determining whether to impose a civil penalty pursuant to subdivision (a) and the amount thereof, the court shall consider, in addition to any other appropriate factors, the extent to which one or more of the following factors are present:

(1) Whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

(2) Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer any of the following: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

(3) Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

(d) A court of competent jurisdiction hearing an action pursuant to this section may make orders and judgments as necessary to restore to a senior citizen or disabled person money or property, real or personal that may have been acquired by means of a violation of this chapter. Restitution ordered pursuant to this subdivision shall be given priority over recovery of a civil penalty designated by the court as imposed pursuant to subdivision (a), but shall not be given priority over a civil penalty imposed pursuant to subdivision (a) of Section 17206. If the court determines that full restitution cannot be made to those senior citizens or disabled persons, either at the time of judgment or by a future date determined by the court, then restitution under this subdivision shall be made on a pro rata basis depending on the amount of loss.

**Credits**
(Added by Stats.1988, c. 823, § 1. Amended by Stats.2006, c. 538 (S.B.1852), § 23; Stats.2012, c. 448 (A.B.2370), § 3; Stats.2012, c. 457 (S.B.1381), § 3.)

Notes of Decisions (1)

West's Ann. Cal. Bus. & Prof. Code § 17206.1, CA BUS & PROF § 17206.1
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17206.2. Additional penalties for violations against..., CA BUS & PROF §...

West's Annotated California Codes
  Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
      Part 2. Preservation and Regulation of Competition (Refs & Annos)
        Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17206.2

§ 17206.2. Additional penalties for violations against service members or veterans

Effective: January 1, 2023

Currentness

(a)(1) In addition to any liability for a civil penalty pursuant to Section 17206, a person who violates this chapter, if the act or acts of unfair competition are perpetrated against one or more service members or veterans, may be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which may be assessed and recovered in a civil action as prescribed in Section 17206.

(2) Any civil penalty shall be paid as prescribed by subdivisions (b) and (c) of Section 17206.

(b) As used in this section, the following terms have the following meanings:

(1) "Service member" means a person who is a member of the Army, Navy, Air Force, Marine Corps, Space Force, or Coast Guard, or the active militia of this state.

(2) "Veteran" means a person who was formerly a service member.

**Credits**
(Added by Stats.2022, c. 620 (S.B.1311), § 2, eff. Jan. 1, 2023.)

West's Ann. Cal. Bus. & Prof. Code § 17206.2, CA BUS & PROF § 17206.2
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

West's Annotated California Codes
   Business and Professions Code (Refs & Annos)
     Division 7. General Business Regulations (Refs & Annos)
       Part 2. Preservation and Regulation of Competition (Refs & Annos)
         Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17207

§ 17207. Violation of injunction prohibiting unfair competition; civil penalty; actions
to assess and recover; venue; prosecutors; expenses of investigation and prosecution

Effective: January 1, 2022
Currentness

(a) Any person who intentionally violates any injunction prohibiting unfair competition issued pursuant to Section 17203 shall be liable for a civil penalty not to exceed six thousand dollars ($6,000) for each violation. Where the conduct constituting a violation is of a continuing nature, each day of that conduct is a separate and distinct violation. In determining the amount of the civil penalty, the court shall consider all relevant circumstances, including, but not limited to, the extent of the harm caused by the conduct constituting a violation, the nature and persistence of that conduct, the length of time over which the conduct occurred, the assets, liabilities, and net worth of the person, whether corporate or individual, and any corrective action taken by the defendant.

(b) The civil penalty prescribed by this section shall be assessed and recovered in a civil action brought in any county in which the violation occurs or where the injunction was issued in the name of the people of the State of California by the Attorney General or by any district attorney, any county counsel of any county within which a city has a population in excess of 750,000 or any county counsel that is authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney in any court of competent jurisdiction within the attorney's jurisdiction without regard to the county from which the original injunction was issued. An action brought pursuant to this section to recover civil penalties shall take precedence over all civil matters on the calendar of the court except those matters to which equal precedence on the calendar is granted by law.

(c) If such an action is brought by the Attorney General, one-half of the penalty collected pursuant to this section shall be paid to the treasurer of the county in which the judgment was entered, and one-half to the State Treasurer. If brought by a district attorney or county counsel the entire amount of the penalty collected shall be paid to the treasurer of the county in which the judgment is entered. If brought by a city attorney or city prosecutor, one-half of the penalty shall be paid to the treasurer of the county in which the judgment was entered and one-half to the city, except that if the action was brought by a city attorney of a city and county the entire amount of the penalty collected shall be paid to the treasurer of the city and county in which the judgment is entered.

(d) If the action is brought at the request of a board within the Department of Consumer Affairs or a local consumer affairs agency, the court shall determine the reasonable expenses incurred by the board or local agency in the investigation and prosecution of the action.

Before any penalty collected is paid out pursuant to subdivision (c), the amount of the reasonable expenses incurred by the board shall be paid to the State Treasurer for deposit in the special fund of the board described in Section 205. If the board has

§ 17207. Violation of injunction prohibiting unfair..., CA BUS & PROF §...

no such special fund, the moneys shall be paid to the State Treasurer. The amount of the reasonable expenses incurred by a local consumer affairs agency shall be paid to the general fund of the municipality or county which funds the local agency.

**Credits**

(Added by Stats.1977, c. 299, p. 1202, § 1. Amended by Stats.1979, c. 897, p. 3102, § 3; Stats.1991, c. 1195 (S.B.709), § 3; Stats.1991, c. 1196 (A.B.1755), § 3; Stats.2021, c. 140 (S.B.461), § 3, eff. Jan. 1, 2022.)

Notes of Decisions (1)

West's Ann. Cal. Bus. & Prof. Code § 17207, CA BUS & PROF § 17207
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17208. Commencement of action; limitations; revival, CA BUS & PROF § 17208

---

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
           Part 2. Preservation and Regulation of Competition (Refs & Annos)
                Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17208

§ 17208. Commencement of action; limitations; revival

Currentness

Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section shall be revived by its enactment.

**Credits**
(Added by Stats.1977, c. 299, p. 1202, § 1.)

Notes of Decisions (115)

West's Ann. Cal. Bus. & Prof. Code § 17208, CA BUS & PROF § 17208
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

End of Document
© 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17209. Proceedings involving violations, application or..., CA BUS & PROF §...

🚩 KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

> West's Annotated California Codes
>> Business and Professions Code (Refs & Annos)
>>> Division 7. General Business Regulations (Refs & Annos)
>>>> Part 2. Preservation and Regulation of Competition (Refs & Annos)
>>>>> Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17209

§ 17209. Proceedings involving violations, application or construction
of this chapter; notice to Attorney General and county district attorney

Effective: January 1, 2005

Currentness

If a violation of this chapter is alleged or the application or construction of this chapter is in issue in any proceeding in the Supreme Court of California, a state court of appeal, or the appellate division of a superior court, each person filing any brief or petition with the court in that proceeding shall serve, within three days of filing with the court, a copy of that brief or petition on the Attorney General, directed to the attention of the Consumer Law Section at a service address designated on the Attorney General's official Web site for service of papers under this section or, if no service address is designated, at the Attorney General's office in San Francisco, California, and on the district attorney of the county in which the lower court action or proceeding was originally filed. Upon the Attorney General's or district attorney's request, each person who has filed any other document, including all or a portion of the appellate record, with the court in addition to a brief or petition shall provide a copy of that document without charge to the Attorney General or the district attorney within five days of the request. The time for service may be extended by the Chief Justice or presiding justice or judge for good cause shown. No judgment or relief, temporary or permanent, shall be granted or opinion issued until proof of service of the brief or petition on the Attorney General and district attorney is filed with the court.

**Credits**

(Added by Stats.1992, c. 385 (S.B.1911), § 2. Amended by Stats.1998, c. 931 (S.B.2139), § 9, eff. Sept. 28, 1998; Stats.2004, c. 529 (A.B.1711), § 4.)

**Editors' Notes**

LAW REVISION COMMISSION COMMENTS

1998 Amendment

Section 17209 is amended to reflect the creation of an appellate division in the superior court. Cal. Const. art. VI, § 4. [28 Cal.L.Rev.Comm. Reports 51 (1998)].

Notes of Decisions (6)

§ 17209. Proceedings involving violations, application or..., CA BUS & PROF §...

West's Ann. Cal. Bus. & Prof. Code § 17209, CA BUS & PROF § 17209

Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

27

§ 17210. Distribution of handbills in hotels without permission, CA BUS & PROF § 17210

---

West's Annotated California Codes
   Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
     Part 2. Preservation and Regulation of Competition (Refs & Annos)
      Chapter 5. Enforcement (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17210

§ 17210. Distribution of handbills in hotels without permission

Effective: January 1, 2000

Currentness

(a) For purposes of this section, "hotel" means any hotel, motel, bed and breakfast inn, or other similar transient lodging establishment, but it does not include any residential hotel as defined in Section 50519 of the Health and Safety Code. "Innkeeper" means the owner or operator of a hotel, or the duly authorized agent or employee of the owner or operator.

(b) For purposes of this section, "handbill" means, and is specifically limited to, any tangible commercial solicitation to guests of the hotel urging that they patronize any commercial enterprise.

(c) Every person (hereinafter "distributor") engages in unfair competition for purposes of this chapter who deposits, places, throws, scatters, casts, or otherwise distributes any handbill to any individual guest rooms in any hotel, including, but not limited to, placing, throwing, leaving, or attaching any handbill adjacent to, upon, or underneath any guest room door, doorknob, or guest room entryway, where either the innkeeper has expressed objection to handbill distribution, either orally to the distributor or by the posting of a sign or other notice in a conspicuous place within the lobby area and at all points of access from the exterior of the premises to guest room areas indicating that handbill distribution is prohibited, or the distributor has received written notice pursuant to subdivision (e) that the innkeeper has expressed objection to the distribution of handbills to guest rooms in the hotel.

(d) Every person (hereinafter "contractor") engages in unfair competition for purposes of this chapter who causes or directs any other person, firm, business, or entity to distribute, or cause the distribution of, any handbill to any individual guest rooms in any hotel in violation of subdivision (c) of this section, if the contractor has received written notice from the innkeeper objecting to the distribution of handbills to individual guest rooms in the hotel.

(e) Every contractor who causes or directs any distributor to distribute, or cause the distribution of, any handbills to any individual guest rooms in any hotel, if the contractor has received written notice from the innkeeper or from any other contractor or intermediary pursuant to this subdivision, objecting to the distribution of handbills to individual guest rooms in the hotel has failed to provide a written copy of that notice to each distributor prior to the commencement of distribution of handbills by the distributor or by any person hired or retained by the distributor for that purpose, or, within 24 hours following the receipt of the notice by the contractor if received after the commencement of distribution, and has failed to instruct and demand any distributor to not distribute, or to cease the distribution of, the handbills to individual guest rooms in any hotel for which such a notice has been received is in violation of this section.

---

**§ 17210. Distribution of handbills in hotels without permission, CA BUS & PROF § 17210**

(f) Any written notice given, or caused to be given, by the innkeeper pursuant to or required by any provision of this section shall be deemed to be in full force and effect until such time as the notice is revoked in writing.

(g) Nothing in this section shall be deemed to prohibit the distribution of a handbill to guest rooms in any hotel where the distribution has been requested or approved in writing by the innkeeper, or to any individual guest room when the occupant thereof has affirmatively requested or approved the distribution of the handbill during the duration of the guest's occupancy.

**Credits**
(Added by Stats.1999, c. 354 (S.B.1171), § 1.)

Notes of Decisions (1)

West's Ann. Cal. Bus. & Prof. Code § 17210, CA BUS & PROF § 17210
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17500. False or misleading statements; penalty, CA BUS & PROF § 17500

---

KeyCite Red Flag - Severe Negative Treatment

Unconstitutional or Preempted  Recognized as Preempted by  *Cedeno v. IndyMac Bancorp, Inc.,*  S.D.N.Y.,  Aug. 26, 2008

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 3. Representations to the Public (Refs & Annos)
                Chapter 1. Advertising (Refs & Annos)
                    Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17500

§ 17500. False or misleading statements; penalty

Currentness

It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine.

**Credits**

(Added by Stats.1941, c. 63, p. 727, § 1. Amended by Stats.1955, c. 1358, p. 2443, § 1; Stats.1976, c. 1125, p. 5029, § 4; Stats.1979, c. 492, p. 1660, § 1; Stats.1998, c. 599 (S.B.597), § 2.5.)

**Editors' Notes**

**VALIDITY**

*This section was held preempted by the Home Owners' Loan Act (HOLA), in the case of Silvas v. E\*Trade Mortg. Corp., S.D.Cal.2006, 421 F.Supp.2d 1315, affirmed 514 F.3d 1001.*

*This section was limited on preemption grounds by the National Bank Act (NBA) in its application to unfair competition and false advertising claims in the decision of In re Countrywide Financial Corp. Mortg. Marketing and Sales Practices Litigation, S.D.Cal.2009, 601 F.Supp.2d 1201.*

---

**§ 17500. False or misleading statements; penalty, CA BUS & PROF § 17500**

Notes of Decisions (1814)

West's Ann. Cal. Bus. & Prof. Code § 17500, CA BUS & PROF § 17500
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17500.1. Rules restricting or prohibiting advertising..., CA BUS & PROF §...

West's Annotated California Codes
Business and Professions Code (Refs & Annos)
Division 7. General Business Regulations (Refs & Annos)
Part 3. Representations to the Public (Refs & Annos)
Chapter 1. Advertising (Refs & Annos)
Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17500.1

§ 17500.1. Rules restricting or prohibiting advertising proscribed; state bar exception

Currentness

Notwithstanding any other provision of law, no trade or professional association, or state agency, state board, or state commission within the Department of Consumer Affairs shall enact any rule, regulation, or code of professional ethics which shall restrict or prohibit advertising by any commercial or professional person, firm, partnership or corporation which does not violate the provisions of Section 17500 of the Business and Professions Code, or which is not prohibited by other provisions of law.

The provisions of this section shall not apply to any rules or regulations heretofore or hereafter formulated pursuant to Section 6076.

**Credits**
(Added by Stats.1949, c. 186, p. 423, § 1. Amended by Stats.1971, c. 716, p. 1432, § 180; Stats.1979, c. 653, p. 2013, § 12.)

Notes of Decisions (1)

West's Ann. Cal. Bus. & Prof. Code § 17500.1, CA BUS & PROF § 17500.1
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17500.3. Solicitation at residence of prospect; statement..., CA BUS & PROF §...

---

West's Annotated California Codes
  Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
      Part 3. Representations to the Public (Refs & Annos)
        Chapter 1. Advertising (Refs & Annos)
          Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17500.3

§ 17500.3. Solicitation at residence of prospect; statement of purpose; contents;
penalties, remedies and defenses; demands for termination; local regulations

Currentness

(a) It is unlawful for any person to solicit a sale or order for sale of goods or services at the residence of a prospective buyer, in person or by means of telephone, without clearly, affirmatively and expressly revealing at the time the person initially contacts the prospective buyer, and before making any other statement, except a greeting, or asking the prospective buyer any other questions, that the purpose of the contact is to effect a sale, by doing all of the following:

(1) Stating the identity of the person making the solicitation.

(2) Stating the trade name of the person represented by the person making the solicitation.

(3) Stating the kind of goods or services being offered for sale.

(4) And, in the case of an "in person" contact, the person making the solicitation shall, in addition to meeting the requirements of paragraphs (1), (2) and (3), show or display identification which states the information required by paragraphs (1) and (2) as well as the address of the place of business of one of such persons so identified.

(b) It is unlawful for any person, in soliciting a sale or order for the sale of goods or services at the residence of a prospective buyer, in person or by telephone, to use any plan, scheme, or ruse which misrepresents his true status or mission for the purpose of making such sale or order for the sale of goods or services.

(c) In addition to any other penalties or remedies applicable to violations of this section, the intentional violation of this section shall entitle persons bound to a contract, when there was a sales approach or presentation or both in which such intentional violation of this section took place, to damages of two times the amount of the sale price or up to two hundred fifty dollars ($250), whichever is greater, but in no case shall such damages be less than fifty dollars ($50); provided, however, that as a condition precedent to instituting such action hereunder against the person represented by the person making the solicitation, the aggrieved party shall, in writing, demand that the person represented by the solicitor terminate such contract and return any and all payments made thereunder, and that the person represented by the solicitor shall have refused within a reasonable time, such termination and return. If the person represented by the person making the solicitation elects to terminate, he shall return to the aggrieved party payments received for any and all goods, and for services not rendered, and upon return of such payments, the aggrieved party shall return any and all goods received under the contract. For the purposes of this section, a reasonable

---

§ 17500.3. Solicitation at residence of prospect; statement..., CA BUS & PROF §...

time shall mean 20 business days from the date of demand. This subdivision shall not apply to a cause of action commenced under any other provision of law, including, but not limited to, a cause of action commenced pursuant to Section 382 of the Code of Civil Procedure or Section 1781 of the Civil Code.

Any rights under this subdivision shall be waived if subsequent to the signing of the contract the party bound by the contract states that identification, as required by this section, was given.

(d) Persons represented by the person making the solicitation shall keep and maintain copies of all demands for termination for violation of this section for a period of one year from date of receipt. Failure to maintain such records shall create a presumption affecting the burden of proof that demand for termination had been properly made.

(e) Where any provision of law provides a penalty for the violation of any offense specified in this section, it shall be a defense to the imposition of such penalty as to any defendant who did not commit the act or acts constituting the offense that such defendant did not know, and with the exercise of reasonable care could not have known, that the act was committed, which constitutes the violation of this section.

(f) As used in this section "person" includes any individual, firm, partnership, corporation, association or other organization, but does not include any nonprofit charitable organization, or any person selling any intangibles, or any items defined in Section 1590(a)(1), of Title 18 of the California Administrative Code as it read on July 15, 1972.

(g) This section shall not prohibit nor authorize the enactment by the governing body of any city, county, or city and county, of ordinances relating to home solicitations which are more restrictive of such solicitation than the provisions of this section.

**Credits**
(Added by Stats.1972, c. 1415, p. 3077, § 1. Amended by Stats.1975, c. 343, p. 791, § 1.)

West's Ann. Cal. Bus. & Prof. Code § 17500.3, CA BUS & PROF § 17500.3
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 3. Representations to the Public (Refs & Annos)
                Chapter 1. Advertising (Refs & Annos)
                    Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17500.5

§ 17500.5. Unadvertised restrictions as to limitations on quantity of articles advertised

Currentness

(a) It is unlawful for any person, firm, corporation or association to falsely represent by advertisement the quantity of any article so advertised that will be sold to any one customer on his demand in a single transaction, and willfully or negligently to fail to include in such advertisement a statement that any restriction that is in fact put upon the quantity of any article so advertised that is sold or offered for sale to any one customer on his demand in a single transaction.

(b) Any person, firm, corporation, or association who, by means of such false or negligent advertisement or publicity, induces any individual retail purchaser and consumer to enter any place of business designated therein seeking to buy any article so advertised or publicized, and then refuses to sell to such person the article at the price advertised in any quantity then available for sale on said premises, shall be liable to each person so induced and refused, for the losses and expenses thereby incurred, and the sum of fifty dollars ($50) in addition thereto.

(c) Nothing in this section shall affect any right a seller may have to refuse to extend credit to a customer, and this section shall not be applicable to a customer purchasing for resale.

(d) The provisions of subdivision (b) are applicable only to actions brought in the name of, and on behalf of, a single plaintiff and shall not be applicable in multiple plaintiff or class actions.

**Credits**
(Added by Stats.1970, c. 1121, p. 1990, § 1.)

West's Ann. Cal. Bus. & Prof. Code § 17500.5, CA BUS & PROF § 17500.5
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                © 2024 Thomson Reuters. No claim to original U.S. Government Works.

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 3. Representations to the Public (Refs & Annos)
                Chapter 1. Advertising (Refs & Annos)
                    Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17501

§ 17501. Worth or value; statements as to former price

Currentness

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

**Credits**
(Added by Stats.1941, c. 63, p. 728, § 1.)

Notes of Decisions (14)

West's Ann. Cal. Bus. & Prof. Code § 17501, CA BUS & PROF § 17501
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17502. Broadcasters and publishers; advertising in good faith, CA BUS & PROF § 17502

West's Annotated California Codes
   Business and Professions Code (Refs & Annos)
     Division 7. General Business Regulations (Refs & Annos)
      Part 3. Representations to the Public (Refs & Annos)
       Chapter 1. Advertising (Refs & Annos)
        Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17502

§ 17502. Broadcasters and publishers; advertising in good faith

Currentness

This article does not apply to any visual or sound radio broadcasting station, to any internet service provider or commercial online service, or to any publisher of a newspaper, magazine, or other publication, who broadcasts or publishes, including over the Internet, an advertisement in good faith, without knowledge of its false, deceptive, or misleading character.

**Credits**

(Added by Stats.1941, c. 63, p. 728, § 1. Amended by Stats.1951, c. 627, p. 1803, § 1; Stats.1998, c. 599 (S.B.597), § 3.)

West's Ann. Cal. Bus. & Prof. Code § 17502, CA BUS & PROF § 17502
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17504. Consumer goods and services sold in multiple..., CA BUS & PROF §...

---

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
           Part 3. Representations to the Public (Refs & Annos)
                Chapter 1. Advertising (Refs & Annos)
                    Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17504

§ 17504. Consumer goods and services sold in multiple units; advertising prices

Currentness

(a) Any person, partnership, corporation, firm, joint stock company, association, or organization engaged in business in this state as a retail seller who sells any consumer good or service which is sold only in multiple units and which is advertised by price shall advertise those goods or services at the price of the minimum multiple unit in which they are offered.

(b) Nothing contained in subdivision (a) shall prohibit a retail seller from advertising any consumer good or service for sale at a single unit price where the goods or services are sold only in multiple units and not in single units as long as the advertisement also discloses, at least as prominently, the price of the minimum multiple unit in which they are offered.

(c) For purposes of subdivisions (a) and (b), "consumer good" means any article which is used or bought for use primarily for personal, family, or household purposes, but does not include any food item.

(d) For the purposes of subdivisions (a) and (b), "consumer service" means any service which is obtained for use primarily for personal, family, or household purposes.

(e) For purposes of subdivisions (a) and (b), "retail seller" means an individual, firm, partnership, corporation, joint stock company, association, organization, or other legal relationship which engages in the business of selling consumer goods or services to retail buyers.

**Credits**

(Added by Stats.1975, c. 1123, p. 2732, § 1. Amended by Stats.1983, c. 64, § 1; Stats.1987, c. 439, § 1.)

West's Ann. Cal. Bus. & Prof. Code § 17504, CA BUS & PROF § 17504
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

End of Document
© 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17505. Statements as to ownership or control; character,..., CA BUS & PROF §...

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 3. Representations to the Public (Refs & Annos)
                Chapter 1. Advertising (Refs & Annos)
                    Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17505

§ 17505. Statements as to ownership or control; character, extent, volume or type of business

Currentness

No person shall state, in an advertisement of his goods, that he is a producer, manufacturer, processor, wholesaler, or importer, or that he owns or controls a factory or other source of supply of goods, when such is not the fact, and no person shall in any other manner misrepresent the character, extent, volume, or type of his business.

**Credits**
(Added by Stats.1963, c. 1733, § 1.)

Notes of Decisions (1)

West's Ann. Cal. Bus. & Prof. Code § 17505, CA BUS & PROF § 17505
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17505.2. Representation as recreation therapist;..., CA BUS & PROF §...

West's Annotated California Codes
   Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
    Part 3. Representations to the Public (Refs & Annos)
     Chapter 1. Advertising (Refs & Annos)
      Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17505.2

§ 17505.2. Representation as recreation therapist; requirements; violations; fines

Currentness

(a) It is unlawful for a person to represent himself or herself as a recreation therapist, to represent the services he or she performs as recreation therapy, or to use terms set forth in subdivision (c) in connection with his or her services, name, or place of business, unless he or she meets all of the following requirements:

(1) Graduation from an accredited college or university with a minimum of a baccalaureate degree in recreation therapy or in recreation and leisure studies with a specialization in recreation therapy. Alternatively, a person who does not have one of the preceding degrees may qualify if he or she has a baccalaureate degree in a specialization acceptable for certification or eligible for certification by any accrediting body specified in paragraph (2).

(2) Current certification or eligibility for certification as a recreation therapist by the California Board of Recreation and Park Certification or by the National Council for Therapeutic Recreation Certification, Inc.

(b) No person shall represent himself or herself as a recreation therapist assistant, or represent the services he or she performs as being in any way related to recreation therapy, unless he or she at a minimum has current certification, or has eligibility for certification, by the California Board of Recreation and Park Certification or by the National Council for Therapeutic Recreation Certification, Inc., as a recreation therapist assistant.

(c) A person who does not meet the requirements of subdivision (a) or (b) may not use any of the following words or abbreviations in connection with his or her services, name, or place of business:

(1) Recreation therapist registered.

(2) Recreation therapist certified.

(3) Certified therapeutic recreation specialist.

(4) Recreation therapist.

§ 17505.2. Representation as recreation therapist;..., CA BUS & PROF §...

(5) Recreation therapist assistant registered.

(6) Certified therapeutic recreation assistant.

(7) RTR.

(8) RTC.

(9) CTRS.

(10) RT.

(11) RTAR.

(12) CTRA.

(d) For purposes of subdivision (c), the abbreviation RT shall not be construed to include rehabilitation therapist or respiratory therapist.

(e) Any person injured by a violation of this section may bring a civil action and may recover one thousand five hundred dollars ($1,500) for the first violation and two thousand five hundred dollars ($2,500) for each subsequent violation. This is the sole remedy for a violation of this section.

**Credits**
(Added by Stats.1997, c. 677 (S.B.1347), § 6. Amended by Stats.1998, c. 485 (A.B.2803), § 26.)

West's Ann. Cal. Bus. & Prof. Code § 17505.2, CA BUS & PROF § 17505.2
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

41

West's Annotated California Codes
  Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
      Part 3. Representations to the Public (Refs & Annos)
        Chapter 1. Advertising (Refs & Annos)
          Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17506

§ 17506. Person defined

Currentness

As used in this chapter, "person" includes any individual, partnership, firm, association, or corporation.

**Credits**
(Added by Stats.1970, c. 664, p. 1293, § 1.)

Notes of Decisions (1)

West's Ann. Cal. Bus. & Prof. Code § 17506, CA BUS & PROF § 17506
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17506.5. Board within the Department of Consumer..., CA BUS & PROF §...

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
        Division 7. General Business Regulations (Refs & Annos)
            Part 3. Representations to the Public (Refs & Annos)
                Chapter 1. Advertising (Refs & Annos)
                    Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17506.5

§ 17506.5. Board within the Department of Consumer Affairs; local consumer affairs agency; definitions

Currentness

As used in this chapter:

(a) "Board within the Department of Consumer Affairs" includes any commission, bureau, division, or other similarly constituted agency within the Department of Consumer Affairs.

(b) "Local consumer affairs agency" means and includes any city or county body which primarily provides consumer protection services.

**Credits**
(Added by Stats.1979, c. 897, p. 3103, § 4.)

West's Ann. Cal. Bus. & Prof. Code § 17506.5, CA BUS & PROF § 17506.5
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17507. Claim or representation pertaining to more than..., CA BUS & PROF §...

---

West's Annotated California Codes
   Business and Professions Code (Refs & Annos)
     Division 7. General Business Regulations (Refs & Annos)
       Part 3. Representations to the Public (Refs & Annos)
         Chapter 1. Advertising (Refs & Annos)
           Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17507

§ 17507. Claim or representation pertaining to more than one article of merchandise or type of service

Currentness

It is unlawful for any person, firm, corporation or association to make an advertising claim or representation pertaining to more than one article of merchandise or type of service, within the same class of merchandise or service, if any price set forth in such claim or representation does not clearly and conspicuously identify the article of merchandise or type of service to which it relates. Disclosure of the relationship between the price and particular article of merchandise or type of service by means of an asterisk or other symbol, and corresponding footnote, does not meet the requirement of clear and conspicuous identification when the particular article of merchandise or type of service is not represented pictorially.

**Credits**
(Added by Stats.1971, c. 682, p. 1342, § 1.)

West's Ann. Cal. Bus. & Prof. Code § 17507, CA BUS & PROF § 17507
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 17508. Claims based on factual, objective or clinical..., CA BUS & PROF §...

West's Annotated California Codes
   Business and Professions Code (Refs & Annos)
     Division 7. General Business Regulations (Refs & Annos)
      Part 3. Representations to the Public (Refs & Annos)
       Chapter 1. Advertising (Refs & Annos)
        Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17508

§ 17508. Claims based on factual, objective or clinical evidence,
comparisons with other brands or products, or based on fact

Effective: January 1, 2017
Currentness

(a) It shall be unlawful for any person doing business in California and advertising to consumers in California to make any false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness or safety to that of other brands or products, or (3) purport to be based on any fact.

(b) Upon written request of the Director of Consumer Affairs, the Attorney General, or any city attorney, county counsel, or district attorney, any person doing business in California and in whose behalf advertising claims are made to consumers in California, including claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness or safety to that of other brands or products, or (3) purport to be based on any fact, shall provide to the department or official making the request evidence of the facts on which the advertising claims are based. The request shall be made within one year of the last day on which the advertising claims were made.

Any city attorney, county counsel, or district attorney who makes a request pursuant to this subdivision shall give prior notice of the request to the Attorney General.

(c) The Director of Consumer Affairs, Attorney General, or any city attorney, county counsel, or district attorney may, upon failure of an advertiser to respond by adequately substantiating the claim within a reasonable time, or if the Director of Consumer Affairs, Attorney General, city attorney, county counsel, or district attorney shall have reason to believe that the advertising claim is false or misleading, do either or both of the following:

(1) Seek an immediate termination or modification of the claim by the person in accordance with Section 17535.

(2) Disseminate information, taking due care to protect legitimate trade secrets, concerning the veracity of the claims or why the claims are misleading to the consumers of this state.

(d) The relief provided for in subdivision (c) is in addition to any other relief that may be sought for a violation of this chapter. Section 17534 shall not apply to violations of this section.

§ 17508. Claims based on factual, objective or clinical..., CA BUS & PROF §...

(e) Nothing in this section shall be construed to hold any newspaper publisher or radio or television broadcaster liable for publishing or broadcasting any advertising claims referred to in subdivision (a), unless the publisher or broadcaster is the person making the claims.

(f) The plaintiff shall have the burden of proof in establishing any violation of this section.

(g) If an advertisement is in violation of subdivision (a) and Section 17500, the court shall not impose a separate civil penalty pursuant to Section 17536 for the violation of subdivision (a) and the violation of Section 17500 but shall impose a civil penalty for the violation of either subdivision (a) or Section 17500.

**Credits**
(Added by Stats.1972, c. 1417, p. 3081, § 1. Amended by Stats.1974, c. 23, p. 37, § 1; Stats.1976, c. 1002, p. 2374, § 1; Stats.1989, c. 947, § 1; Stats.2006, c. 538 (S.B.1852), § 24; Stats.2016, c. 38 (S.B.1130), § 1, eff. Jan. 1, 2017.)

Notes of Decisions (13)

West's Ann. Cal. Bus. & Prof. Code § 17508, CA BUS & PROF § 17508
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

West's Annotated California Codes
    Business and Professions Code (Refs & Annos)
       Division 7. General Business Regulations (Refs & Annos)
          Part 3. Representations to the Public (Refs & Annos)
            Chapter 1. Advertising (Refs & Annos)
              Article 1. False Advertising in General (Refs & Annos)

West's Ann.Cal.Bus. & Prof.Code § 17509

§ 17509. Advertising for products or services where purchase or lease of
different products or services required; price disclosure requirements; exemptions

Currentness

(a) Any advertisement, including any advertisement over the Internet, soliciting the purchase or lease of a product or service, or any combination thereof, that requires, as a condition of sale, the purchase or lease of a different product or service, or any combination thereof, shall conspicuously disclose in the advertisement the price of all those products or services. This requirement shall not in any way affect the provisions of Sections 16726 and 16727, with respect to unlawful buying arrangements.

(b) Subdivision (a) does not apply to any of the following:

(1) Contractual plans or arrangements complying with this paragraph under which the seller periodically provides the consumer with a form or announcement card which the consumer may use to instruct the seller not to ship the offered merchandise. Any instructions not to ship merchandise included on the form or card shall be printed in type as large as all other instructions and terms stated on the form or card. The form or card shall specify a date by which it shall be mailed by the consumer (the "mailing date") or received by the seller (the "return date") to prevent shipment of the offered merchandise. The seller shall mail the form or card either at least 25 days prior to the return date or at least 20 days prior to the mailing date, or provide a mailing date of at least 10 days after receipt by the consumer, except that whichever system the seller chooses for mailing the form or card, shall be calculated to afford the consumer at least 10 days in which to mail his or her form or card. The form or card shall be preaddressed to the seller so that it may serve as a postal reply card or, alternatively, the form or card shall be accompanied by a return envelope addressed to seller. Upon the membership contract or application form or on the same page and immediately adjacent to the contract or form, and in clear and conspicuous language, there shall be disclosed the material terms of the plan or arrangement including all of the following:

(A) That aspect of the plan under which the subscriber shall notify the seller, in the manner provided for by the seller, if the seller does not wish to purchase or receive the selection.

(B) Any obligation assumed by the subscriber to purchase a minimum quantity of merchandise.

(C) The right of a contract-complete subscriber to cancel his or her membership at any time.

(D) Whether billing charges will include an amount for postage and handling.

---

§ 17509. Advertising for products or services where..., CA BUS & PROF §...

(2) Other contractual plans or arrangements not covered under subdivision (a), such as continuity plans, subscription arrangements, standing order arrangements, supplements, and series arrangements under which the seller periodically ships merchandise to a consumer who has consented in advance to receive that merchandise on a periodic basis.

(c) This section shall not apply to the publisher of any newspaper, periodical, or other publication, or any radio or television broadcaster, or the owner or operator of any cable, satellite, or other medium of communication who broadcasts or publishes, including over the Internet, an advertisement or offer in good faith, without knowledge of its violation of subdivision (a).

**Credits**

(Added by Stats.1984, c. 643, § 1. Amended by Stats.1998, c. 599 (S.B.597), § 4.)

West's Ann. Cal. Bus. & Prof. Code § 17509, CA BUS & PROF § 17509

Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

§ 1709. Deceit; damages, CA CIVIL § 1709

 KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

> West's Annotated California Codes
>   Civil Code (Refs & Annos)
>     Division 3. Obligations (Refs & Annos)
>       Part 3. Obligations Imposed by Law

West's Ann.Cal.Civ.Code § 1709

§ 1709. Deceit; damages

Currentness

One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers.

**Credits**
(Enacted in 1872.)

Notes of Decisions (658)

West's Ann. Cal. Civ. Code § 1709, CA CIVIL § 1709
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1710. Deceit defined, CA CIVIL § 1710

West's Annotated California Codes
    Civil Code (Refs & Annos)
        Division 3. Obligations (Refs & Annos)
            Part 3. Obligations Imposed by Law

West's Ann.Cal.Civ.Code § 1710

§ 1710. Deceit defined

Currentness

A deceit, within the meaning of the last section, is either:

1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,

4. A promise, made without any intention of performing it.

**Credits**
(Enacted in 1872.)

Notes of Decisions (758)

West's Ann. Cal. Civ. Code § 1710, CA CIVIL § 1710
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1750. Citation, CA CIVIL § 1750

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Limited on Preemption Grounds by  *In re Apple iPhone 3G Products Liability Litigation,*   N.D.Cal.,   Apr. 02, 2010

West's Annotated California Codes
    Civil Code (Refs & Annos)
        Division 3. Obligations (Refs & Annos)
            Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
            Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
                Chapter 1. General Provisions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1750

§ 1750. Citation

Currentness

This title may be cited as the Consumers Legal Remedies Act.

**Credits**

(Added by Stats.1970, c. 1550, p. 3157, § 1.)

**Editors' Notes**

### VALIDITY

*This section was held preempted by the federal Food, Drug, and Cosmetic Act in the decision of Perez v. Nidek Co. Ltd., S.D.Cal.2009, 657 F.Supp.2d 1156, affirmed 711 F.3d 1109.*

*This section was held preempted by the Federal Communications Act of 1934 with respect to rates and market entry of commercial mobile service providers in the decision of In re Apple iPhone 3G Products Liability Litigation, N.D.Cal.2010, 728 F.Supp.2d 1065, leave to file for reconsideration denied 2010 WL 3119789.*

Notes of Decisions (1222)

West's Ann. Cal. Civ. Code § 1750, CA CIVIL § 1750
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1751. Waiver; public policy, CA CIVIL § 1751

KeyCite Red Flag - Severe Negative Treatment

Unconstitutional or Preempted  Recognized as Preempted by    DIRECTV, Inc. v. Imburgia,    U.S.Cal.,   Dec. 14, 2015

West's Annotated California Codes
   Civil Code (Refs & Annos)
     Division 3. Obligations (Refs & Annos)
       Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
         Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
           Chapter 1. General Provisions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1751

§ 1751. Waiver; public policy

Currentness

Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.

**Credits**

(Added by Stats.1970, c. 1550, p. 3157, § 1.)

Notes of Decisions (20)

West's Ann. Cal. Civ. Code § 1751, CA CIVIL § 1751
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document           © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1752. Cumulative remedies; class actions, CA CIVIL § 1752

West's Annotated California Codes
  Civil Code (Refs & Annos)
    Division 3. Obligations (Refs & Annos)
      Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
        Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
          Chapter 1. General Provisions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1752

§ 1752. Cumulative remedies; class actions

Currentness

The provisions of this title are not exclusive. The remedies provided herein for violation of any section of this title or for conduct proscribed by any section of this title shall be in addition to any other procedures or remedies for any violation or conduct provided for in any other law.

Nothing in this title shall limit any other statutory or any common law rights of the Attorney General or any other person to bring class actions. Class actions by consumers brought under the specific provisions of Chapter 3 (commencing with Section 1770) of this title shall be governed exclusively by the provisions of Chapter 4 (commencing with Section 1780); however, this shall not be construed so as to deprive a consumer of any statutory or common law right to bring a class action without resort to this title. If any act or practice proscribed under this title also constitutes a cause of action in common law or a violation of another statute, the consumer may assert such common law or statutory cause of action under the procedures and with the remedies provided for in such law.

**Credits**

(Added by Stats.1970, c. 1550, p. 3157, § 1. Amended by Stats.1975, c. 615, p. 1344, § 1.)

Notes of Decisions (47)

West's Ann. Cal. Civ. Code § 1752, CA CIVIL § 1752
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1753. Partial invalidity, CA CIVIL § 1753

---

West's Annotated California Codes
   Civil Code (Refs & Annos)
     Division 3. Obligations (Refs & Annos)
       Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
         Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
           Chapter 1. General Provisions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1753

§ 1753. Partial invalidity

Currentness

If any provision of this title or the application thereof to any person or circumstance is held to be unconstitutional, the remainder of the title and the application of such provision to other persons or circumstances shall not be affected thereby.

**Credits**

(Added by Stats.1970, c. 1550, p. 3157, § 1.)

West's Ann. Cal. Civ. Code § 1753, CA CIVIL § 1753
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

**End of Document**                                   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1754. Exemptions; structures, CA CIVIL § 1754

West's Annotated California Codes
   Civil Code (Refs & Annos)
      Division 3. Obligations (Refs & Annos)
         Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
            Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
               Chapter 1. General Provisions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1754

§ 1754. Exemptions; structures

Currentness

The provisions of this title shall not apply to any transaction which provides for the construction, sale, or construction and sale of an entire residence or all or part of a structure designed for commercial or industrial occupancy, with or without a parcel of real property or an interest therein, or for the sale of a lot or parcel of real property, including any site preparation incidental to such sale.

**Credits**
(Added by Stats.1970, c. 1550, p. 3157, § 1.)

Notes of Decisions (1)

West's Ann. Cal. Civ. Code § 1754, CA CIVIL § 1754
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                                          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

West's Annotated California Codes
    Civil Code (Refs & Annos)
        Division 3. Obligations (Refs & Annos)
            Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
                Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
                    Chapter 1. General Provisions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1755

§ 1755. Exemptions; advertising media

Currentness

Nothing in this title shall apply to the owners or employees of any advertising medium, including, but not limited to, newspapers, magazines, broadcast stations, billboards and transit ads, by whom any advertisement in violation of this title is published or disseminated, unless it is established that such owners or employees had knowledge of the deceptive methods, acts or practices declared to be unlawful by Section 1770.

**Credits**
(Added by Stats.1970, c. 1550, p. 3157, § 1.)

West's Ann. Cal. Civ. Code § 1755, CA CIVIL § 1755
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1756. Time of application of title, CA CIVIL § 1756

West's Annotated California Codes
   Civil Code (Refs & Annos)
      Division 3. Obligations (Refs & Annos)
         Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
            Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
               Chapter 1. General Provisions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1756

§ 1756. Time of application of title

Currentness

The substantive and procedural provisions of this title shall only apply to actions filed on or after January 1, 1971.

**Credits**
(Added by Stats.1970, c. 1550, p. 3158, § 1.)

West's Ann. Cal. Civ. Code § 1756, CA CIVIL § 1756
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

*End of Document*

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

57

West's Annotated California Codes
  Civil Code (Refs & Annos)
    Division 3. Obligations (Refs & Annos)
      Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
        Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
          Chapter 2. Construction and Definitions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1760

§ 1760. Construction and application

Currentness

This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

**Credits**
(Added by Stats.1970, c. 1550, p. 3158, § 1.)

Notes of Decisions (19)

West's Ann. Cal. Civ. Code § 1760, CA CIVIL § 1760
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1761. Definitions, CA CIVIL § 1761

West's Annotated California Codes
   Civil Code (Refs & Annos)
     Division 3. Obligations (Refs & Annos)
       Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
         Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
           Chapter 2. Construction and Definitions (Refs & Annos)

West's Ann.Cal.Civ.Code § 1761

§ 1761. Definitions

Effective: January 1, 2013
Currentness

As used in this title:

(a) "Goods" means tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not they are severable from the real property.

(b) "Services" means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods.

(c) "Person" means an individual, partnership, corporation, limited liability company, association, or other group, however organized.

(d) "Consumer" means an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes.

(e) "Transaction" means an agreement between a consumer and another person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement.

(f) "Senior citizen" means a person who is 65 years of age or older.

(g) "Disabled person" means a person who has a physical or mental impairment that substantially limits one or more major life activities.

(1) As used in this subdivision, "physical or mental impairment" means any of the following:

59

§ 1761. Definitions, CA CIVIL § 1761

(A) A physiological disorder or condition, cosmetic disfigurement, or anatomical loss substantially affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin; or endocrine.

(B) A mental or psychological disorder, including intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities. "Physical or mental impairment" includes, but is not limited to, diseases and conditions that include orthopedic, visual, speech, and hearing impairment, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, intellectual disability, and emotional illness.

(2) "Major life activities" means functions that include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

(h) "Home solicitation" means a transaction made at the consumer's primary residence, except those transactions initiated by the consumer. A consumer response to an advertisement is not a home solicitation.

**Credits**

(Added by Stats.1970, c. 1550, p. 3157, § 1. Amended by Stats.1988, c. 823, § 2; Stats.1994, c. 1010 (S.B.2053), § 34; Stats.1995, c. 255 (S.B.320), § 1; Stats.2006, c. 538 (S.B.1852), § 44; Stats.2012, c. 448 (A.B.2370), § 4; Stats.2012, c. 457 (S.B.1381), § 4.)

Notes of Decisions (55)

West's Ann. Cal. Civ. Code § 1761, CA CIVIL § 1761

Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1770. List of proscribed practices, CA CIVIL § 1770

KeyCite Red Flag - Severe Negative Treatment

Enacted Legislation   Amended by   2024 Cal. Legis. Serv. Ch. 20 (S.B. 1096) (WEST),

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted

KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

West's Annotated California Codes
    Civil Code (Refs & Annos)
        Division 3. Obligations (Refs & Annos)
            Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
                Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
                    Chapter 3. Deceptive Practices (Refs & Annos)

West's Ann.Cal.Civ.Code § 1770

§ 1770. List of proscribed practices

Effective: July 1, 2024

Currentness

(a) The unfair methods of competition and unfair or deceptive acts or practices listed in this subdivision undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful:

(1) Passing off goods or services as those of another.

(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(3) Misrepresenting the affiliation, connection, or association with, or certification by, another.

(4) Using deceptive representations or designations of geographic origin in connection with goods or services.

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.

(6) Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand.

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(8) Disparaging the goods, services, or business of another by false or misleading representation of fact.

(9) Advertising goods or services with intent not to sell them as advertised.

(10) Advertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity.

(11) Advertising furniture without clearly indicating that it is unassembled if that is the case.

(12) Advertising the price of unassembled furniture without clearly indicating the assembled price of that furniture if the same furniture is available assembled from the seller.

(13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions.

(14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

(15) Representing that a part, replacement, or repair service is needed when it is not.

(16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

(17) Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

(18) Misrepresenting the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction with a consumer.

(19) Inserting an unconscionable provision in the contract.

(20) Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product. This subdivision shall not apply to in-store advertising by businesses that are open only to members or cooperative organizations organized pursuant to Division 3 (commencing with Section 12000) of Title 1 of the Corporations Code if more than 50 percent of purchases are made at the specific price set forth in the advertisement.

(21) Selling or leasing goods in violation of Chapter 4 (commencing with Section 1797.8) of Title 1.7.

§ 1770. List of proscribed practices, CA CIVIL § 1770

(22)(A) Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

(B) This subdivision does not apply to a message disseminated to a business associate, customer, or other person having an established relationship with the person or organization making the call, to a call for the purpose of collecting an existing obligation, or to any call generated at the request of the recipient.

(23)(A) The home solicitation, as defined in subdivision (h) of Section 1761, of a consumer who is a senior citizen where a loan or assessment is made encumbering the primary residence of that consumer for purposes of paying for home improvements and where the transaction is part of a pattern or practice in violation any of the following:

(i) Subsection (h) or (i) of Section 1639 of Title 15 of the United States Code.

(ii) Paragraph (1), (2), or (4) of subdivision (a) of Section 226.34 of Title 12 of the Code of Federal Regulations.

(iii) Section 22684, 22685, 22686, or 22687 of the Financial Code.

(iv) Section 5898.16, 5898.17, 5913, 5922, 5923, 5924, 5925, 5926, or 5940 of the Streets and Highways Code.

(B) A third party shall not be liable under this subdivision unless (i) there was an agency relationship between the party who engaged in home solicitation and the third party, or (ii) the third party had actual knowledge of, or participated in, the unfair or deceptive transaction. A third party who is a holder in due course under a home solicitation transaction shall not be liable under this subdivision.

(24)(A) Charging or receiving an unreasonable fee to prepare, aid, or advise any prospective applicant, applicant, or recipient in the procurement, maintenance, or securing of public social services.

(B) For purposes of this paragraph:

(i) "Public social services" means those activities and functions of state and local government administered or supervised by the State Department of Health Care Services, the State Department of Public Health, or the State Department of Social Services, and involved in providing aid or services, or both, including health care services, and medical assistance, to those persons who, because of their economic circumstances or social condition, are in need of that aid or those services and may benefit from them.

(ii) "Public social services" also includes activities and functions administered or supervised by the United States Department of Veterans Affairs or the California Department of Veterans Affairs involved in providing aid or services, or both, to veterans, including pension benefits.

§ 1770. List of proscribed practices, CA CIVIL § 1770

(iii) "Unreasonable fee" means a fee that is exorbitant and disproportionate to the services performed. Factors to be considered, if appropriate, in determining the reasonableness of a fee, are based on the circumstances existing at the time of the service and shall include, but not be limited to, all of the following:

(I) The time and effort required.

(II) The novelty and difficulty of the services.

(III) The skill required to perform the services.

(IV) The nature and length of the professional relationship.

(V) The experience, reputation, and ability of the person providing the services.

(C) This paragraph shall not apply to attorneys licensed to practice law in California, who are subject to the California Rules of Professional Conduct and to the mandatory fee arbitration provisions of Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code, when the fees charged or received are for providing representation in administrative agency appeal proceedings or court proceedings for purposes of procuring, maintaining, or securing public social services on behalf of a person or group of persons.

(25)(A) Advertising or promoting any event, presentation, seminar, workshop, or other public gathering regarding veterans' benefits or entitlements that does not include the following statement in the same type size and font as the term "veteran" or any variation of that term:

(i) "I am not authorized to file an initial application for Veterans' Aid and Attendance benefits on your behalf, or to represent you before the Board of Veterans' Appeals within the United States Department of Veterans Affairs in any proceeding on any matter, including an application for those benefits. It would be illegal for me to accept a fee for preparing that application on your behalf." The requirements of this clause do not apply to a person licensed to act as an agent or attorney in proceedings before the Agency of Original Jurisdiction and the Board of Veterans' Appeals within the United States Department of Veterans Affairs when that person is offering those services at the advertised event.

(ii) The statement in clause (i) shall also be disseminated, both orally and in writing, at the beginning of any event, presentation, seminar, workshop, or public gathering regarding veterans' benefits or entitlements.

(B) Advertising or promoting any event, presentation, seminar, workshop, or other public gathering regarding veterans' benefits or entitlements that is not sponsored by, or affiliated with, the United States Department of Veterans Affairs, the California Department of Veterans Affairs, or any other congressionally chartered or recognized organization of honorably discharged members of the Armed Forces of the United States, or any of their auxiliaries that does not include the following statement, in the same type size and font as the term "veteran" or the variation of that term:

§ 1770. List of proscribed practices, CA CIVIL § 1770

"This event is not sponsored by, or affiliated with, the United States Department of Veterans Affairs, the California Department of Veterans Affairs, or any other congressionally chartered or recognized organization of honorably discharged members of the Armed Forces of the United States, or any of their auxiliaries. None of the insurance products promoted at this sales event are endorsed by those organizations, all of which offer free advice to veterans about how to qualify and apply for benefits."

(i) The statement in this subparagraph shall be disseminated, both orally and in writing, at the beginning of any event, presentation, seminar, workshop, or public gathering regarding veterans' benefits or entitlements.

(ii) The requirements of this subparagraph shall not apply in a case where the United States Department of Veterans Affairs, the California Department of Veterans Affairs, or other congressionally chartered or recognized organization of honorably discharged members of the Armed Forces of the United States, or any of their auxiliaries have granted written permission to the advertiser or promoter for the use of its name, symbol, or insignia to advertise or promote the event, presentation, seminar, workshop, or other public gathering.

(26) Advertising, offering for sale, or selling a financial product that is illegal under state or federal law, including any cash payment for the assignment to a third party of the consumer's right to receive future pension or veteran's benefits.

(27) Representing that a product is made in California by using a Made in California label created pursuant to Section 12098.10 of the Government Code, unless the product complies with Section 12098.10 of the Government Code.

(28)(A) Failing to include either of the following in a solicitation by a covered person, or an entity acting on behalf of a covered person, to a consumer for a consumer financial product or service:

(i) The name of the covered person, and, if applicable, the entity acting on behalf of the covered person, and relevant contact information, including a mailing address and telephone number.

(ii) The following disclosure statement in at least 18-point bold type and in the language in which the solicitation is drafted: "THIS IS AN ADVERTISEMENT. YOU ARE NOT REQUIRED TO MAKE ANY PAYMENT OR TAKE ANY OTHER ACTION IN RESPONSE TO THIS OFFER."

(B) For purposes of this paragraph:

(i) "Consumer financial product or service" has the same meaning as defined in Section 90005 of the Financial Code.

(ii)(I) "Covered person" has the same meaning as defined in Section 90005 of the Financial Code.

(II) "Covered person" does not mean an entity exempt from Division 24 (commencing with Section 90000) of the Financial Code pursuant to Section 90002 of the Financial Code.

§ 1770. List of proscribed practices, CA CIVIL § 1770

(iii) "Solicitation" means an advertisement or marketing communication through writing or graphics that is directed to, or likely to give the impression of being directed to, an individually identified person, residence, or business location. "Solicitation" does not include any of the following:

(I) Communication through a mass advertisement, including in a catalog, on a radio or television broadcast, or on a publicly accessible internet website, if that communication is not directed to, or is not likely to give the impression of being directed to, an individually identified person, residence, or business location.

(II) Communication via a telephone, mail, or electronic communication that was initiated by a consumer.

(III) A written credit or insurance solicitation that is subject to the disclosure requirements of subsection (d) of Section 1681m of Title 15 of the United States Code.

(29)(A) Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than either of the following:

(i) Taxes or fees imposed by a government on the transaction.

(ii) Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer.

(B) Compliance by a person providing broadband internet access service on its own or as part of a bundle, as defined in Section 8.1(b) of Title 47 of the Code of Federal Regulations, with the broadband consumer label requirements adopted by the Federal Communications Commission in FCC 22-86 on November 14, 2022, codified in Section 8.1(a) of Title 47 of the Code of Federal Regulations, shall be deemed compliance with this paragraph.

(C)(i) For purposes of this subparagraph, "financial entity" means an entity that is exempt from Division 24 (commencing with Section 90000) of the Financial Code pursuant to Section 90002 of the Financial Code.

(ii) A financial entity that is required to provide disclosures in compliance with any of the following federal or state acts or regulations with respect to a financial transaction is exempt from this paragraph for purposes of that financial transaction:

(I) The federal Truth in Savings Act, as amended (12 U.S.C. Sec. 4301 et seq.).

(II) The federal Electronic Fund Transfer Act, as amended (15 U.S.C. Sec. 1693 et seq.).

(III) Section 19 of the Federal Reserve Act, as amended (12 U.S.C. Sec. 461 et seq.).

(IV) The federal Truth in Lending Act, as amended (15 U.S.C. Sec. 1601 et seq.).

§ 1770. List of proscribed practices, CA CIVIL § 1770

(V) The federal Real Estate Settlement Procedures Act, as amended (12 U.S.C. Sec. 2601 et seq.).

(VI) The federal Home Ownership and Equity Protection Act (15 U.S.C. Sec. 1639).

(VII) Any regulation adopted pursuant to any of the federal acts in subclauses (I) to (VI), inclusive.

(VIII) The California Financing Law (Division 9 (commencing with Section 22000) of the Financial Code).

(IX) The California Residential Mortgage Lending Act (Division 20 (commencing with Section 50000) of the Financial Code).

(X) The Real Estate Law (Part 1 (commencing with Section 10000) of Division 4 of the Business and Professions Code).

(XI) Any regulation adopted pursuant to any of the state acts in subclauses (VIII) to (X), inclusive.

(D)(i) Subject to clause (ii), this paragraph does not apply to a mandatory fee or charge for individual food or beverage items sold directly to a customer by a restaurant, bar, food concession, grocery store, or grocery delivery service, or by means of a menu or contract for banquet or catering services that fully discloses the terms of service.

(ii) A mandatory fee or charge under clause (i) shall be clearly and conspicuously displayed, with an explanation of its purpose, on any advertisement, menu, or other display that contains the price of the food or beverage item.

(iii) "Grocery delivery service" means a company owned by, or under contract with, a grocery store or distributor that delivers food, primarily fresh produce, meat, poultry, fish, deli products, dairy products, perishable beverages, baked foods, and prepared foods, from the grocery store or distributor to a consumer.

(iv) The exemption in this subparagraph does not apply to a "third-party food delivery platform," as defined in Section 113930.5 of the Health and Safety Code, or any other food delivery platform.

(b)(1) It is an unfair or deceptive act or practice for a mortgage broker or lender, directly or indirectly, to use a home improvement contractor to negotiate the terms of any loan that is secured, whether in whole or in part, by the residence of the borrower and that is used to finance a home improvement contract or any portion of a home improvement contract. For purposes of this subdivision, "mortgage broker or lender" includes a finance lender licensed pursuant to the California Financing Law (Division 9 (commencing with Section 22000) of the Financial Code), a residential mortgage lender licensed pursuant to the California Residential Mortgage Lending Act (Division 20 (commencing with Section 50000) of the Financial Code), or a real estate broker licensed under the Real Estate Law (Division 4 (commencing with Section 10000) of the Business and Professions Code).

(2) This section shall not be construed to either authorize or prohibit a home improvement contractor from referring a consumer to a mortgage broker or lender by this subdivision. However, a home improvement contractor may refer a consumer to a mortgage lender or broker if that referral does not violate Section 7157 of the Business and Professions Code or any other law. A mortgage lender or broker may purchase an executed home improvement contract if that purchase does not violate

67

§ 1770. List of proscribed practices, CA CIVIL § 1770

Section 7157 of the Business and Professions Code or any other law. Nothing in this paragraph shall have any effect on the application of Chapter 1 (commencing with Section 1801) of Title 2 to a home improvement transaction or the financing of a home improvement transaction.

(c) As of July 1, 2025, any disclosure, advertisement, or notice that is required to be "clearly" or "clearly and conspicuously" made must have text that is "clear and conspicuous," as defined in subdivision (u) of Section 1791.

(d) This section shall become operative on July 1, 2024.

**Credits**

(Added by Stats.2023, c. 400 (S.B.478), § 3, eff. Jan. 1, 2024, operative July 1, 2024. Amended by Stats.2024, c. 43 (S.B.1524), § 1, eff. June 29, 2024, operative July 1, 2024.)

**Editors' Notes**

**VALIDITY**

*For validity of this section, see* In re Apple iPhone 3G Products Liability Litigation, N.D.Cal.2010, 728 F.Supp.2d 1065, *leave to file for reconsideration denied* 2010 WL 3119789.

Notes of Decisions (1017)

West's Ann. Cal. Civ. Code § 1770, CA CIVIL § 1770
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

68

§ 1780. Consumer's action; relief; senior citizens or disabled..., CA CIVIL § 1780

---

📙 KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Limited on Preemption Grounds by   Cohen v. ConAgra Brands, Inc.,   9th Cir.(Cal.),   Oct. 26, 2021

> West's Annotated California Codes
>> Civil Code (Refs & Annos)
>>> Division 3. Obligations (Refs & Annos)
>>>> Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
>>>>> Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
>>>>>> Chapter 4. Remedies and Procedures (Refs & Annos)

West's Ann.Cal.Civ.Code § 1780

§ 1780. Consumer's action; relief; senior citizens or disabled persons; venue; court costs and attorney's fees

Effective: January 1, 2010

Currentness

(a) Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following:

(1) Actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000).

(2) An order enjoining the methods, acts, or practices.

(3) Restitution of property.

(4) Punitive damages.

(5) Any other relief that the court deems proper.

(b)(1) Any consumer who is a senior citizen or a disabled person, as defined in subdivisions (f) and (g) of Section 1761, as part of an action under subdivision (a), may seek and be awarded, in addition to the remedies specified therein, up to five thousand dollars ($5,000) where the trier of fact does all of the following:

(A) Finds that the consumer has suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

(B) Makes an affirmative finding in regard to one or more of the factors set forth in subdivision (b) of Section 3345.

(C) Finds that an additional award is appropriate.

§ 1780. Consumer's action; relief; senior citizens or disabled..., CA CIVIL § 1780

(2) Judgment in a class action by senior citizens or disabled persons under Section 1781 may award each class member that additional award if the trier of fact has made the foregoing findings.

(c) Whenever it is proven by a preponderance of the evidence that a defendant has engaged in conduct in violation of paragraph (24) of subdivision (a) of Section 1770, in addition to all other remedies otherwise provided in this section, the court shall award treble actual damages to the plaintiff. This subdivision shall not apply to attorneys licensed to practice law in California, who are subject to the California Rules of Professional Conduct and to the mandatory fee arbitration provisions of Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code, when the fees charged or received are for providing representation in administrative agency appeal proceedings or court proceedings for purposes of procuring, maintaining, or securing public social services on behalf of a person or group of persons.

(d) An action under subdivision (a) or (b) may be commenced in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred.

In any action subject to this section, concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice.

(e) The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith.

**Credits**

(Added by Stats.1970, c. 1550, p. 3157, § 1. Amended by Stats.1988, c. 823, § 3; Stats.1988, c. 1343, § 2; Stats.1998, c. 931 (S.B.2139), § 15, eff. Sept. 28, 1998; Stats.2003, c. 449 (A.B.1712), § 3; Stats.2008, c. 479 (S.B.1136), § 2; Stats.2009, c. 140 (A.B.1164), § 27.)

**Editors' Notes**

**VALIDITY**

*This section was held preempted by the Federal Communications Act of 1934 with respect to rates and market entry of commercial mobile service providers in the decision of In re Apple iPhone 3G Products Liability Litigation, N.D.Cal.2010, 728 F.Supp.2d 1065, leave to file for reconsideration denied 2010 WL 3119789.*

**LAW REVISION COMMISSION COMMENTS**

1998 Amendment

Section 1780 is amended to reflect elimination of the justice court. Cal. Const. art. VI, §§ 1, 5(b). In a county in which there is no municipal court, the superior court has jurisdiction of matters that would be within the subject matter jurisdiction of the municipal court. Cal. Const. art. VI, 10 (superior court jurisdiction); Code Civ. Proc. §§ 85, 85.1 (limited civil cases). [28 Cal.L.Rev.Comm. Reports 51 (1998)].

**§ 1780. Consumer's action; relief; senior citizens or disabled..., CA CIVIL § 1780**

Notes of Decisions (291)

West's Ann. Cal. Civ. Code § 1780, CA CIVIL § 1780
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1781. Consumer's class action; conditions; notices; judgment, CA CIVIL § 1781

KeyCite Red Flag - Severe Negative Treatment

Unconstitutional or Preempted  Recognized as Preempted by   DIRECTV, Inc. v. Imburgia,   U.S.Cal.,   Dec. 14, 2015

West's Annotated California Codes
   Civil Code (Refs & Annos)
      Division 3. Obligations (Refs & Annos)
         Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
            Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
               Chapter 4. Remedies and Procedures (Refs & Annos)

West's Ann.Cal.Civ.Code § 1781

§ 1781. Consumer's class action; conditions; notices; judgment

Currentness

(a) Any consumer entitled to bring an action under Section 1780 may, if the unlawful method, act, or practice has caused damage to other consumers similarly situated, bring an action on behalf of himself and such other consumers to recover damages or obtain other relief as provided for in Section 1780.

(b) The court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist:

(1) It is impracticable to bring all members of the class before the court.

(2) The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.

(3) The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

(4) The representative plaintiffs will fairly and adequately protect the interests of the class.

(c) If notice of the time and place of the hearing is served upon the other parties at least 10 days prior thereto, the court shall hold a hearing, upon motion of any party to the action which is supported by affidavit of any person or persons having knowledge of the facts, to determine if any of the following apply to the action:

(1) A class action pursuant to subdivision (b) is proper.

(2) Published notice pursuant to subdivision (d) is necessary to adjudicate the claims of the class.

(3) The action is without merit or there is no defense to the action.

§ 1781. Consumer's class action; conditions; notices; judgment, CA CIVIL § 1781

A motion based upon Section 437c of the Code of Civil Procedure shall not be granted in any action commenced as a class action pursuant to subdivision (a).

(d) If the action is permitted as a class action, the court may direct either party to notify each member of the class of the action. The party required to serve notice may, with the consent of the court, if personal notification is unreasonably expensive or it appears that all members of the class cannot be notified personally, give notice as prescribed herein by publication in accordance with Section 6064 of the Government Code in a newspaper of general circulation in the county in which the transaction occurred.

(e) The notice required by subdivision (d) shall include the following:

(1) The court will exclude the member notified from the class if he so requests by a specified date.

(2) The judgment, whether favorable or not, will include all members who do not request exclusion.

(3) Any member who does not request exclusion, may, if he desires, enter an appearance through counsel.

(f) A class action shall not be dismissed, settled, or compromised without the approval of the court, and notice of the proposed dismissal, settlement, or compromise shall be given in such manner as the court directs to each member who was given notice pursuant to subdivision (d) and did not request exclusion.

(g) The judgment in a class action shall describe those to whom the notice was directed and who have not requested exclusion and those the court finds to be members of the class. The best possible notice of the judgment shall be given in such manner as the court directs to each member who was personally served with notice pursuant to subdivision (d) and did not request exclusion.

**Credits**
(Added by Stats.1970, c. 1550, p. 3157, § 1.)

**Editors' Notes**

**VALIDITY**

*This section was held preempted by the Federal Communications Act of 1934 with respect to rates and market entry of commercial mobile service providers in the decision of In re Apple iPhone 3G Products Liability Litigation, N.D.Cal.2010, 728 F.Supp.2d 1065, leave to file for reconsideration denied 2010 WL 3119789.*

Notes of Decisions (181)

West's Ann. Cal. Civ. Code § 1781, CA CIVIL § 1781
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

§ 1781. Consumer's class action; conditions; notices; judgment, CA CIVIL § 1781

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

74

West's Annotated California Codes
   Civil Code (Refs & Annos)
      Division 3. Obligations (Refs & Annos)
         Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
            Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
               Chapter 4. Remedies and Procedures (Refs & Annos)

West's Ann.Cal.Civ.Code § 1782

§ 1782. Preliminary notices and demands; defenses; injunctive relief; evidence

Effective: January 1, 2000

Currentness

(a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:

(1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

(2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.

The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

(b) Except as provided in subdivision (c), no action for damages may be maintained under Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice.

(c) No action for damages may be maintained under Section 1781 upon a showing by a person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 that all of the following exist:

(1) All consumers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made.

(2) All consumers so identified have been notified that upon their request the person shall make the appropriate correction, repair, replacement, or other remedy of the goods and services.

(3) The correction, repair, replacement, or other remedy requested by the consumers has been, or, in a reasonable time, shall be, given.

§ 1782. Preliminary notices and demands; defenses; injunctive..., CA CIVIL § 1782

(4) The person has ceased from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, the person will, within a reasonable time, cease to engage, in the methods, act, or practices.

(d) An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a). Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages. The appropriate provisions of subdivision (b) or (c) shall be applicable if the complaint for injunctive relief is amended to request damages.

(e) Attempts to comply with this section by a person receiving a demand shall be construed to be an offer to compromise and shall be inadmissible as evidence pursuant to Section 1152 of the Evidence Code. Furthermore, these attempts to comply with a demand shall not be considered an admission of engaging in an act or practice declared unlawful by Section 1770. Evidence of compliance or attempts to comply with this section may be introduced by a defendant for the purpose of establishing good faith or to show compliance with this section.

**Credits**

(Added by Stats.1970, c. 1550, p. 3157, § 1. Amended by Stats.1999, c. 1000 (S.B.284), § 10.)

Notes of Decisions (79)

West's Ann. Cal. Civ. Code § 1782, CA CIVIL § 1782
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1783. Limitation of actions, CA CIVIL § 1783

---

West's Annotated California Codes
    Civil Code (Refs & Annos)
        Division 3. Obligations (Refs & Annos)
            Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
                Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
                    Chapter 4. Remedies and Procedures (Refs & Annos)

West's Ann.Cal.Civ.Code § 1783

§ 1783. Limitation of actions

Currentness

Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice.

**Credits**
(Added by Stats.1970, c. 1550, p. 3157, § 1.)

Notes of Decisions (31)

West's Ann. Cal. Civ. Code § 1783, CA CIVIL § 1783
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

---

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

§ 1784. Damages, defense, CA CIVIL § 1784

West's Annotated California Codes
    Civil Code (Refs & Annos)
        Division 3. Obligations (Refs & Annos)
            Part 4. Obligations Arising from Particular Transactions (Refs & Annos)
                Title 1.5. Consumers Legal Remedies Act (Refs & Annos)
                    Chapter 4. Remedies and Procedures (Refs & Annos)

West's Ann.Cal.Civ.Code § 1784

§ 1784. Damages, defense

Currentness

No award of damages may be given in any action based on a method, act, or practice declared to be unlawful by Section 1770 if the person alleged to have employed or committed such method, act, or practice (a) proves that such violation was not intentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error and (b) makes an appropriate correction, repair or replacement or other remedy of the goods and services according to the provisions of subdivisions (b) and (c) of Section 1782.

**Credits**
(Added by Stats.1970, c. 1550, p. 3157, § 1.)

Notes of Decisions (1)

West's Ann. Cal. Civ. Code § 1784, CA CIVIL § 1784
Current with urgency legislation through Ch. 156 of 2024 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.