**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IN RE: PLUM BABY FOOD LITIGATION<br><br>LUDMILA GULKAROV; JANINE TORRENCE; KELLY MCKEON; JOSH CRAWFORD; VANESSA MATHIESEN; AUTUMN ELLISON; JESSICA DAVID; SARAH BROWN; TOMMY NURRE; CHRISTINA GONZALEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs - Appellants,<br><br> v.<br><br>PLUM, PBC, a Delaware corporation,<br><br>  Defendant - Appellee. | No. 24-2766<br><br>D.C. No. 4:21-cv-00913-YGR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted April 3, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this putative class action, Plaintiffs allege that Plum, PBC ("Plum"), which manufactures and sells baby foods, violated California's Consumer Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL") by failing to disclose on its products' labels that the products may contain heavy metals and perchlorate. The district court granted summary judgment in favor of Plum. We have jurisdiction of Plaintiffs' appeal under 28 U.S.C. § 1291. We review de novo, *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018), and we affirm.

1.　"Omissions may be the basis of claims under California consumer protections laws, but 'to be actionable the omission must be contrary to a representation actually made by the defendant, or *an omission of a fact the defendant was obliged to disclose*.'" *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (quoting *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 126 (Ct. App. 2006)). A duty to disclose may arise where: (1) the defect at issue presents an unreasonable safety hazard; or (2) the defect at issue is material and central to the product's function, and one of the following four factors, discussed in *LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539 (Ct. App. 1997), is present:

> (1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed.

2

*Hodsdon*, 891 F.3d at 863–64 (quoting *Collins v. eMachines, Inc.*, 134 Cal. Rptr. 3d 588, 593 (Ct. App. 2011)). Neither circumstance is present here.

      a.      First, Plaintiffs argue that Plum's products pose an unreasonable safety hazard because they contain detectable amounts of heavy metals and perchlorate, and bioaccumulation of these substances over time can cause adverse health effects. However, "a party's allegations of an unreasonable safety hazard must describe more than merely 'conjectural and hypothetical' injuries." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1028 (9th Cir. 2017) (quoting *Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009)). Heavy metals and perchlorate are found in a wide range of crops and food products because they are present in soil, air, and water, and Plaintiffs fail to allege that Plum's products contain any specific level of these substances. Moreover, Plaintiffs concede that they are not alleging that Plum's products are unsafe nor that their children were harmed by Plum's products. On this record, there is insufficient evidence to establish that Plum's products pose an unreasonable safety hazard.

      b.      Second, Plaintiffs allege that Plum had exclusive knowledge about the risk of heavy metals and perchlorate in its products and that Plum actively

3

concealed the risk of heavy metals and perchlorate in its products (the second and third *LiMandri* factors).[1] We disagree.

As to the second *LiMandri* factor, multiple publicly accessible sources have publicized test results showing detectable levels of heavy metals and perchlorate in Plum's products. Moreover, in response to one report about heavy metals in its products, Plum acknowledged on its website that its products may contain trace heavy metals.

As to the third *LiMandri* factor, Plaintiffs failed to present evidence showing "any affirmative acts on the part of the defendants in hiding, concealing or covering up *the matter[] complained of*," *i.e.*, the presence of detectable levels of heavy metals and perchlorate in Plum's products. *Lingsch v. Savage*, 29 Cal. Rptr. 201, 204 (Ct. App. 1963) (emphasis added). Indeed, as discussed above, Plum acknowledged on its own website that its products contain detectable levels of heavy metals.[2]

2. Plaintiffs argue that it is uncertain what legal standard applies to claims of deception by omission under the CLRA and UCL, and we should

---

[1] Plaintiffs conceded below that they were not in a fiduciary relationship with Plum and that their claims are not premised on a partial representation theory.

[2] Because we conclude that none of the *LiMandri* factors are present, we do not reach the issues of whether the presence of heavy metals and perchlorate is material or central to the function of Plum's products.

4

therefore certify this question to the California Supreme Court. We decline to do so.

The California Supreme Court may answer a question certified by this Court only if the issue is outcome determinative and there is no controlling precedent. Cal. R. Ct. 8.548(a). Here, under any plausible legal standard advanced by the parties,[3] Plum is entitled to summary judgment.

Moreover, certification is within the "sound discretion" of this Court. *Pacheco v. United States*, 21 F.4th 1183, 1187 (9th Cir. 2022) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). In recent years, the California Supreme Court has repeatedly declined requests to set forth a definitive standard for omission-based CLRA and UCL claims. *See Capito v. San Jose Healthcare Sys., LP*, 561 P.3d 380, 387, 390 (Cal. 2024); *Nalick v. Seagate Tech. LLC*, No. A158237, 2021 WL 1135226, at *6–10 (Cal. Ct. App. Mar. 25, 2021) (unpublished), *review denied* (July 14, 2021); *People v. Johnson & Johnson*, 292 Cal. Rptr. 3d 424, 447–48 (Ct. App. 2022), *review denied* (July 13, 2022), *cert. denied sub nom. Johnson & Johnson v. California*, 143 S. Ct. 847 (2023). This weighs heavily against certification. *See Herrera v. Zumiez, Inc.*, 953 F.3d 1063,

---

[3] Plaintiffs argue that a "likely to deceive" standard applies to omission-based consumer protection claims. But, under California state law, "[w]e cannot agree that a failure to disclose a fact one has no affirmative duty to disclose is 'likely to deceive' anyone." *Daugherty*, 51 Cal. Rptr. 3d at 128.

5

1070 (9th Cir. 2020) (declining a certification request where "the California Supreme Court recently denied a petition for review . . . which presented that very question"); *U.S. Bank, N.A., v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 867–68 (9th Cir. 2021) (declining to certify a question because, among other reasons, the issue was not "new"). We are convinced that the California Supreme Court is aware of this issue and it "remains free to resolve the legal issue in a future published decision." *U.S. Bank*, 987 F.3d at 868. For these reasons, we deny Plaintiffs' motion to certify. *See* Dkt. 10.

**AFFIRMED.**